UNITED STATES of America, Appellee,

v.

J. Alexis CAPARROS, Appellant.

No. 1168, Docket 86–1036.

United States Court of Appeals,
Second Circuit.

Argued April 29, 1986.

Decided Aug. 25, 1986.

Ronald L. Kuby, New York City (Law Office of William M. Kunstler, of counsel), for appellant.

Lorna G. Schofield, Asst. U.S. Atty., New York City (Rudolph W. Giuliani, U.S. Atty. for the S.D.N.Y., Warren Neil Eggleston, Asst. U.S. Atty., of counsel), for appellee.

Before FEINBERG, Chief Judge, KAUFMAN and OAKES, Circuit Judges.

OAKES, Circuit Judge:

This appeal is from a pretrial discovery order entered under Fed.R.Crim.P. 16(d)(1) in the United States District Court for the Southern District of New York, John F. Keenan, Judge. That order prohibits the appellant, J. Alexis Caparros, "from making public the contents of documents produced to him by the government, which serve as the basis for the indictment in the instant action ... [or] any summary of ... those documents." Caparros, a corporate in-house attorney, has been charged with (1) using the mails to further a fraudulent scheme to provide proprietary and confidential information to a competitor of his employer in violation of 18 U.S.C. § 1341 (1982), (2) interstate transportation of stolen property—the documents containing such information—in violation of 18 U.S.C. § 2314 (1982), and (3) wire fraud, in violation of 18 U.S.C. § 1343 (1982). After pleading not guilty, appellant sought copies of certain documents, which, the Government maintains, he had taken without authority from his employer, but which had been seized by the FBI subsequent to his arrest. Pursuant to Fed.R.Crim.P. 16(a), on December 2, 1985, the Government provided him with copies of the various documents, and he agreed not to make public the contents of all except for three. It is in connection with those three documents that the district court entered the protective order above mentioned. Caparros challenges the validity of that order. We dismiss this appeal.

The Government offers the following description of events preceding the indict-

ment. Caparros, as associate counsel for his employer, routinely received documents containing confidential and proprietary information. Using an assumed name, he sought to sell certain of these corporate documents to his employer's primary competitor. In a letter to the competitor's chief executive officer, Caparros offered to provide on a regular basis information about his employer's proposed new pricing policies, promotional campaigns, and new products. He included with the letter certain documents setting forth details about marketing strategies, timetables for the introduction of such products, and competitive objectives. The competitor evidently informed Capsrros's employer. In any event, a private investigator, identifying himself as a representative of the competitor, subsequently met with Caparros. Caparros offered to mail information about his employer weekly in exchange for $15,000 to be paid quarterly in $100 bills. Following a second meeting, at which Caparros was paid $15,000 cash by the private investigator, the FBI arrested Caparros and searched his apartment.

At a pretrial hearing the Government, while willing to make available the documents that it had seized during the apartment search, was concerned lest the defendant carry out threats to make the documents public, thereby harming the employer through the release of material that was confidential and proprietary. The court ordered the Government to provide the defendant with copies of the documents and directed both parties to stipulate to an arrangement under which Caparros would agree not to release confidential and proprietary information. In the event the parties disagreed, Caparros was entitled to ask the district court to decide whether the material could be released. Caparros eventually sought permission from the district court to disclose three documents that he obtained through discovery. He maintained that these documents concerned product safety and that any order denying him the right to disclose them to the public was an unconstitutional prior restraint on speech. None of the three documents was

addressed or copied to Caparros; one was expressly marked "CONFIDENTIAL" on the cover sheet. The documents at issue are evidence of the fraudulent scheme charged. Judge Keenan denied Caparros's request for permission to release those documents, and he issued the protective order that appellant now seeks to challenge.

We hold that this collateral protective order is not appealable under 28 U.S.C. § 1291 (1982) and the doctrine of *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 546–47, 69 S.Ct. 1221, 1225–26, 93 L.Ed. 1528 (1949). As the Supreme Court declared in *Flanagan v. United States,* 465 U.S. 259, 104 S.Ct. 1051, 79 L.Ed.2d 288 (1984), a collateral order must meet three conditions at a minimum to be appealable: "First, it 'must conclusively determine the disputed question'; second, it must 'resolve an important issue completely separate from the merits of the action'; third, it must 'be effectively unreviewable on appeal from a final judgment.'" *Id.* at 265, 104 S.Ct. at 1055 (quoting *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 468, 98 S.Ct. 2454, 2458, 57 L.Ed.2d 351 (1978)); *accord In re "Agent Orange" Product Liability Litigation,* 733 F.2d 10, 14 (2d Cir.1984). The *Flanagan* Court emphasized that the final judgment rule is of particular importance in criminal prosecutions because society, as well as the defendant, has an interest in a speedy trial. 465 U.S. at 264–65, 104 S.Ct. at 1054–55. The Court noted, *see id.* at 265–66, 104 S.Ct. at 1055–56, that there are two types of pretrial orders in criminal prosecutions that can appropriately be reviewed on collateral appeal: orders that would become moot if review awaited conviction and sentence, such as a bail order, *see Stack v. Boyle,* 342 U.S. 1, 6, 72 S.Ct. 1, 4, 96 L.Ed. 3 (1951), and orders that appellants maintain violate a constitutionally protected right not to be subject to trial, such as a double jeopardy claim, *see Abney v. United States,* 431 U.S. 651, 662, 97 S.Ct. 2034, 2041, 52 L.Ed.2d 651 (1977), or a claim under the Speech or Debate Clause, *see Helstoski v. Meanor,* 442 U.S. 500, 506, 99 S.Ct. 2445, 2448, 61 L.Ed.2d 30 (1979).

The standard for review set forth in *Flanagan* is not easily met. In that case, for example, the Court held that an order disqualifying counsel is not appealable.

Appellant argues that his claim raises First Amendment issues and hence is more analogous to the appealable claims than to the nonappealable ones. We note that the speech or debate claim that the Supreme Court recognized in *Helstoski* as an appropriate basis for a collateral appeal in criminal cases is not grounded in the First Amendment, but rather in the Speech or Debate Clause in Article I, Section 6, of the Constitution: that clause secures the right of a Senator or Representative not to "be questioned" in any other place about legislative activities, and the Supreme Court has recognized that the clause thus guarantees the right not to be tried for legislative conduct. The gist of the argument Caparros advances to justify a finding that the order here is appealable is that a protective order is a prior restraint and prior restraints have always been subject to immediate review by appellate courts, *see Parker v. Columbia Broadcasting System, Inc.*, 320 F.2d 937, 939 (2d Cir.), *motion for leave to file petition for writ of mandamus denied*, 375 U.S. 900, 84 S.Ct. 213, 11 L.Ed.2d 157 (1963); review at this stage is appropriate, it is urged, because denial of a First Amendment right to release and disclose documents cannot be later remedied, *see In re Application of the Herald Co.*, 734 F.2d 93, 96 (2d Cir.1984) (order of closure of courtroom a final decision as to intervenor).

Caparros's appealability argument, however, runs afoul of this circuit's precedent. We have previously treated as nonappealable protective orders precluding an appellant from releasing confidential or proprietary information that the appellant had obtained outside the discovery process, *see, e.g., Bridge C.A.T. Scan Associates v. Technicare Corp.*, 710 F.2d 940, 942–44 (2d Cir.1983); *International Products Corp. v. Koons*, 325 F.2d 403, 406–07 (2d Cir. 1963); *cf. American Express Warehousing, Ltd. v. Transamerica Insurance Co.*, 380 F.2d 277, 280–81 (2d Cir.1967) (discovery order mandating production of alleged work product held nonappealable), notwithstanding claims of First Amendment rights, *see, e.g., Bridge C.A.T. Scan Associates*, 710 F.2d at 943–44; *Koons*, 325 F.2d at 405–07. Moreover, since *Bridge C.A.T. Scan Associates* and *Koons* were civil cases, and this is a criminal case, we have a particularly strong reason here to find the order nonappealable: the critical importance of promptness in resolving criminal cases. *See Flanagan*, 465 U.S. at 264–65, 104 S.Ct. at 1054–55.

Caparros's contention that the protective order here is an impermissible prior restraint also is inconsistent with precedent. The Supreme Court has determined that "an order prohibiting dissemination of discovered information before trial is not the kind of classic prior restraint that requires exacting First Amendment scrutiny." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33, 104 S.Ct. 2199, 2208, 81 L.Ed.2d 17 (1984). In *Rhinehart*, a civil case, the Supreme Court rejected a First Amendment challenge to a state court protective order issued under a state counterpart to Fed.R. Civ.P. 26(c). The Court found that a litigant does not have "an unrestrained right to disseminate information that has been obtained through pretrial discovery." 467 U.S. at 31, 104 S.Ct. at 2207. The Court noted that a "litigant has no First Amendment right of access to information made available only for purposes of trying his suit," *id.* at 32, 104 S.Ct. at 2207, and that "continued court control over the discovered information does not raise the same specter of government censorship that such control might suggest in other situations," *id.* The Court did, however, issue a qualification. It pointed out that the protective order there at issue "prevents a party from disseminating only that information obtained through use of the discovery process," *id.* at 34, 104 S.Ct. at 2208, and that the party could thus "disseminate the identical information covered by the protective order as long as the information is gained through means independent of the court's processes," *id.*

Appellant seeks to distinguish his case on the basis that he had obtained access to the information and the contents of these documents before they were seized from him and therefore the protective order should not apply to them. He points out that he is not formally charged with theft of these three documents, but with the theft of others, and he is not charged with unlawfully transporting these documents in the mails or across interstate lines. He adds that even if he is acquitted he will not have the right to release the documents in question; Caparros's reasoning here is that acquittal will only secure for him the right to release the documents he is formally charged with stealing and transporting.

We think that adjudication of any such right can await a final judgment on the underlying charges and that to permit appeal now would be to sidetrack the underlying criminal controversy. We do not say this because we consider the attempt to release these documents to be a plea-bargaining ploy (although adjournment of the argument of appeal was sought pending plea-bargaining negotiations). We are motivated, rather, by our conclusion that there is no basis for treating the order here as appealable. The purported right at issue is not related to any right not to stand trial. *See Flanagan,* 465 U.S. at 266, 104 S.Ct. at 1055. It will not become moot on conviction and sentence or on acquittal because the order will have continuing prohibitive effect thereafter and the purported right to publish the documents, to the extent it now exists, will also continue. *See id.* This is not a situation where an order, to be reviewed at all, must be reviewed before the proceedings terminate. *See Mitchell v. Forsyth,* 472 U.S. 511, 105 S.Ct. 2806, 2815, 86 L.Ed.2d 411 (1985). Nor is there any allegation of grave harm to appellant if the order is not immediately reviewed. *See Carson v. American Brands, Inc.,* 450

U.S. 79, 84–86, 101 S.Ct. 993, 996–98, 67 L.Ed.2d 59 (1981) (dealing with appealable interlocutory decisions under 28 U.S.C. § 1292).[1]

The Supreme Court's recent decision in *Press-Enterprise Co. v. Superior Court of California,* —— U.S. ——, 106 S.Ct. 2735, 92 L.Ed.2d 1 (1986), does not mandate a contrary result here. In *Press-Enterprise Co.,* the Supreme Court held that in criminal proceedings there is a qualified First Amendment right of access of the public to preliminary hearings. But here we are not dealing with a right of access of the public to criminal proceedings. We are instead dealing with the right of a criminal defendant to disclose information given to him in discovery.

The protective order is also not appealable as an interlocutory decision under 28 U.S.C. § 1292 (1982). The only colorable claim that might be advanced on Caparros's behalf here is that the order falls within the coverage of 28 U.S.C. § 1292(a)(1) (1982), which permits review of orders granting injunctions. Caparros, however, has failed to show that he will suffer serious harm if we fail to review the protective order at this time. In the absence of such a showing, review cannot be granted under section 1292(a)(1). *See Carson,* 450 U.S. at 84, 101 S.Ct. at 996.

Caparros argues that, if we determine the order is not reviewable pursuant to 28 U.S.C. §§ 1291 or 1292 (1982), we should treat this appeal as a petition for a writ of mandamus. Our normal practice, however, is to decline to treat improvident appeals as mandamus petitions. *See Bridge C.A.T. Scan Associates,* 710 F.2d at 944; *Koons,* 325 F.2d at 407; *see also Poriss v. Aaacon Auto Transport, Inc.,* 685 F.2d 56, 60 (2d Cir.1982). Mandamus remains an extraordinary remedy. *See Allied Chemical*

---

**1.** There is a factual dispute between the parties relating to the public interest in the documents at issue. The dispute is set forth in their briefs and is one that we cannot resolve. We nevertheless call this dispute to the attention of the district court for possible resolution upon remand. *Compare* Government Brief at 7, 11 n.*

*with* Appellant's Reply Brief at 1–2. Appellant's belated concern for the public interest, however, is not a factor to be weighed in determining appealability of a protective order, even though in a given case the public interest would bear upon issuance of a writ of mandamus.

*Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34–35, 101 S.Ct. 188, 189–90, 66 L.Ed.2d 193 (1980); *In re IBM Corp.*, 687 F.2d 591, 599 (2d Cir.1982); *In re Attorney General*, 596 F.2d 58, 63 (2d Cir.), *cert. denied*, 444 U.S. 903, 100 S.Ct. 217, 62 L.Ed.2d 141 (1979). We see no exceptional circumstances warranting a departure from that rule in this case.[2]

Our decision regarding mandamus might have been different had Caparros retained continuous possession of these materials, rather than regaining them through discovery following their seizure by the FBI.[3] Since appellant most recently obtained the documents solely by means of the judicial process, the district judge had "inherent equitable power" to prohibit him from abusing that process by disseminating them. *Bridge C.A.T. Scan Associates*, 710 F.2d at 946. Because of the seizure, Caparros was no longer in a position analogous to that of the newspapers in possession of the Pentagon Papers. *See New York Times Co. v. United States*, 403 U.S. 713, 91 S.Ct. 2140, 29 L.Ed.2d 822 (1971). Rather, the situation here resembles that in *Alderman v. United States*, 394 U.S. 165, 89 S.Ct. 961, 22 L.Ed.2d 176 (1969). There, in a case involving issues of national security, the Court held that defendants were entitled to inspect certain intercepted conversations, but suggested that a protective order be issued barring unwarranted disclosure. *See id.* at 185, 89 S.Ct. at 972.

Appeal dismissed.

---

2. The record does not disclose the facts underlying the dispute referred to in note 1 *supra*.

3. Caparros asserts the documents were taken from him improperly during an otherwise consensual search, but he never moved, pursuant to Fed.R.Crim.P. 41(e), for their return.