OPINION OF THE COURT
Herman Cahn, J.
This action for damages for retaliatory discharge is brought pursuant to New York’s "Whistleblower” law (Labor Law § 740). It points up the limited nature of that law. Defendant United Cerebral Palsy of New York City, Inc. (U.C.P.), moves *977 for an order pursuant to CPLR 3211 (a) (7) (failure to state a cause of action), dismissing the complaint.
The U.C.P. is a not-for-profit corporation engaged in providing services for persons suffering from cerebral palsy, and raising money for research. Plaintiff Dominick J. Vella was employed by U.C.P. as director of building services.
The complaint makes the following allegation. Vella’s duties included reviewing certain bills submitted to U.C.P. for payment, including those relating to plumbing fixtures. The plumbing fixtures for U.C.P. facilities must be specially designed to accommodate the needs of handicapped people. Vella discovered that a vendor of specially designed plumbing fixtures was overbilling U.C.P.; that eight automatic water closets delivered by said vendor could not be hooked up to U.C.P.’s plumbing; that unlike all other vendors, the vendor involved was given a 50% deposit on all orders.
Despite being told of some of these findings, Vella’s supervisors urged him to pay some of the vendor’s bills. Vella asserts that a subsequent audit by his supervisors supported his findings. It is alleged that Vella was terminated from employment after 11 years of excellent performance, solely because he had revealed the overpayments. It is alleged that U.C.P. receives and expends public moneys.
The complaint alleges that the defendant’s discharge of Vella was a retaliatory discharge, in violation of Labor Law § 740. The complaint seeks reinstatement, back pay, punitive damages and attorneys’ fees.
U.C.P. argues that the complaint fails to state a cause of action under New York’s "Whistleblower” statute (Labor Law § 740) because it does not allege the existence of a violation of law which presents a substantial and specific danger to the public health and safety.
On a motion to dismiss a complaint for legal insufficiency, the court accepts the facts alleged as true and simply determines whether the facts alleged fit within any cognizable legal theory. (Morone v Morone, 50 NY2d 481.) However, the court is not bound to accept conclusory statements as accurate. Absent an agreement establishing a fixed duration, an employment relationship is presumed to be a hiring at will terminable at any time by either party. (Sabetay v Sterling Drug, 69 NY2d 329.) By enacting Labor Law § 740 (the "Whistleblower” law), the Legislature changed the above rule to the extent of prohibiting retaliatory discharges in certain situations. Labor Law § 740 (2) provides in relevant part:
*978 "2. Prohibitions. An employer shall not take any retaliatory personnel action against an employee because such employee does any of the following:
"(a) discloses, or threatens to disclose to a supervisor or to a public body an activity, policy or practice of the employer that is in violation of law, rule or regulation which violation creates and presents a substantial and specific danger to the public health or safety”.
A reading of said section shows that it is limited to an employee who discloses or threatens to disclose an employer activity or practice (1) which is in violation of law, rule or regulation; and (2) which creates a "substantial and specific” danger to the public health.
The violation of "law, rule or regulation” is not limited to a violation of a criminal nature, but includes also violations of civil statutes and regulation. The terms "rule” and "regulation” are not usually used to refer to criminal statutes, but, in their ordinary meaning, relate to administrative rules or regulations.
The complaint, as a whole, alleges that the activities or practices which Vella reported were violations of statutes and regulations. Specifically, the acts alleged in the complaint would constitute a violation of Not-For-Profit Corporation Law § 717 (a). Insofar as it is alleged that U.C.P. is a recipient of Federal funds, acts constituting a violation of 45 CFR 74.61 (c) are alleged.
The complaint does not however allege acts which create a "substantial and specific” damage to the public health. What is alleged are wrongful payments and overpayments. Such acts themselves, even though they relate to plumbing facilities, do not in and of themselves constitute a "substantial and specific” damage to the public health. The statute affords protection only to employees who reported violations, etc., relating to damages to the public health or safety; it did not extend such protections to all reports of misconduct.
The complaint therefore fails to state a cause of action, and will be dismissed. However, in view of the statements contained in the papers submitted in opposition to the motion, plaintiff is granted leave to replead within 20 days of the service upon his attorneys of a copy of this order to be entered hereon.