■ KATHLEEN EASTERSON, Appellant, v LONG ISLAND JEWISH MEDICAL CENTER, Respondent.—In an action, *inter alia,* for injunctive relief and damages for retaliatory discharge under Labor Law § 740, the plaintiff appeals from an order of the Supreme Court, Queens County (Durante, J.), dated April 13, 1988, which granted the defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action.

Ordered that the order is affirmed, with costs.

The plaintiff, a registered professional nurse, contends that her dismissal for failure to disclose the medical record of an employee was wrongful under Labor Law § 740, the so-called "Whistleblower Statute". We disagree. The record reveals that the plaintiff was an Assistant Director of Nursing in charge of the Employee Health Service Center at the defendant medical center. On August 1, 1986, an Associate Divisional Administrator of the defendant requested medical records from the file of an employee. The plaintiff refused, referring to the defendant's policy of permitting release of such records only after receipt of a signed consent slip from the employee. The plaintiff's employment was thereafter terminated and she then commenced the within action, *inter alia,* for injunctive relief and damages for retaliatory discharge. Her complaint alleged that had she complied with the disclosure request, she would have revealed confidential records in violation of Education Law § 6509 (9) and 8 NYCRR 29.1 (b) (8), which proscribe "professional misconduct", with the potential loss of her professional license. Hence, she argued, her dismissal fell within the language of Labor Law § 740 (2) (a) and (c) since disclosure of medical records was a "violation of law" within those provisions of the Labor Law. The Supreme Court granted the defendant's motion to dismiss the complaint for failure to state a cause of action.

We affirm. Labor Law § 740 provides, in pertinent part:

"2. Prohibitions. An employer shall not take any retaliatory personnel action against an employee because such employee does any of the following:

"(a) discloses, or threatens to disclose to a supervisor or to a public body an activity, policy or practice of the employer that is in violation of law, rule or regulation which violation creates and presents a substantial and specific danger to the public health or safety; * * *

"(c) objects to, or refuses to participate in any such activity, policy or practice in violation of law, rule or regulation."

These provisions have recently been examined by this court in *Leibowitz v Bank Leumi Trust Co.* (152 AD2d 169), where we came to the conclusion that both Labor Law § 740 (2) (a) and (c) require a substantial and specific danger to the public health *(see also, Remba v Federation Employment & Guidance Serv.,* 149 AD2d 131; *Kern v DePaul Mental Health Servs.,* 152 AD2d 957). Even assuming that the disclosure of the medical records was in violation of the cited provisions of the Education Law and regulations, the defendant's alleged wrongdoing did not threaten the health or safety of the public-at-large. Hence the dismissal of the plaintiff did not fall within Labor Law § 740. Brown, J. P., Eiber, Harwood and Rosenblatt, JJ., concur.