■ SAM A. LAMAGNA, Respondent, v NEW YORK STATE ASSOCIATION FOR THE HELP OF RETARDED CHILDREN, INC., et al., Appellants.—

The plaintiff commenced this action asserting, among other things, that he was wrongfully discharged from his employment owing to his discovery of, and refusal to participate in, fiscal "improprieties". The plaintiff alleged in the complaint that his discharge was a violation of Labor Law § 740, the "whistleblower statute". The defendants made a motion pursuant to CPLR 3211, *inter alia,* to dismiss this portion of the complaint, and the Supreme Court denied this branch of the motion. We agree with the defendants that this determination was error.

It is now established that an action based upon Labor Law § 740 is limited to an employee who discloses or threatens to disclose an employer activity or practice which (1) is in violation of a law, rule or regulation, and (2) creates a substantial and specific danger to the public health *(see, Easterson v Long Is. Jewish Med. Center,* 156 AD2d 636; *Remba v Federation Employment & Guidance Serv.,* 149 AD2d 131). In this case, the plaintiff did not demonstrate that any of the defendants' acts "threaten[ed] the health or safety of the public-at-large" *(Easterson v Long Is. Jewish Med. Center, supra,* at 637). The plaintiff's allegations of fiscal improprieties do not portend " 'a substantial and specific danger to the public health or safety' " and thus, do not fall within the ambit of this statute *(Leibowitz v Bank Leumi Trust Co.,* 152 AD2d 169, 170). Accordingly, this branch of the defendants' motion should have been granted.

We do, however agree with the Supreme Court that the plaintiff's other two theories of liability are cognizable, and find no error in the court's determination in this respect *(see, Weiner v McGraw-Hill, Inc.,* 57 NY2d 458; *Dicocco v Capital Area Community Health Plan,* 135 AD2d 308; *Lapidus v New York City Ch. of N. Y. State Assn. for Retarded Children,* 118 AD2d 122; 14 NYCRR 690.4 [c] [6] [iv]). Mangano, J. P., Bracken, Eiber and Harwood, JJ., concur.