OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, with costs.
 

 Plaintiff maintains that she was discharged because she objected to, and refused to participate in, defendant’s purported fraudulent billing of New York City, and that such retaliatory action is prohibited under Labor Law § 740 (2) (c) (the “Whistleblower” Law). This contention is unavailing, however, primarily because we agree with the Appellate Division that Labor Law § 740 (2) (c), like section 740 (2) (a), is triggered only by a violation of a law, rule or regulation that creates and presents a substantial and specific danger to the public health and safety
 
 (see, Easterson v Long Is. Jewish Med. Center,
 
 156 AD2d 636,
 
 lv denied
 
 76 NY2d 704;
 
 Kern v DePaul Mental Health Servs.,
 
 152 AD2d 957;
 
 Leibowitz v Bank Leumi Trust Co.,
 
 152 AD2d 169, 175-177).
 

 In addition, after reviewing the legislative history, we conclude that the conduct complained of — fraudulent billing — is not the type of violation which creates a “substantial and specific danger to the public health or safety”
 
 (see, Leibowitz v Bank Leumi Trust Co., supra
 
 [fraudulent banking activities];
 
 Vella v United Cerebral Palsy,
 
 141 Misc 2d 976 [improper purchasing practice]; Givens, Practice Commentaries, McKinney’s Cons Laws of NY, Book 30, Labor Law § 740, at 546, 554-
 
 *803
 
 557;
 
 but cf.,
 
 Civil Service Law § 75-b [2] [a] [public employees protected from retaliation when they report conduct which they reasonably believe constitutes a violation of any Federal, State or local law, rule or regulation]). Finally, although the present "Whistleblower” statute has been criticized by commentators for not affording sufficient safeguards against retaliatory discharge
 
 (see,
 
 Minda and Raab,
 
 Time for an Unjust Dismissal Statute in New York,
 
 54 Brooklyn L Rev 1137, 1138, 1182-1187 [1989]; Dworkin and Near,
 
 Whistleblowing Statutes: Are They
 
 Workingf, 25 Amer Bus LJ 241, 253 [1987]), any additional protection must come from the Legislature
 
 (see, Sabetay v Sterling Drug,
 
 69 NY2d 329, 336).
 

 Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacos a concur.
 

 Order affirmed, with costs, in a memorandum.