■ FRANCIS A. PARUOLO, Respondent, v DAVID COHEN et al., Appellants, et al., Defendant.—In an action to recover damages for defamation, breach of contract, violation of 14 NYCRR 690.4 and conspiracy to suborn perjury, the appeal is from so much of an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated April 14, 1989, as denied those branches of the appellants' motion which were to dismiss the second and third causes of action of the plaintiff's complaint alleging breach of contract and a violation of 14 NYCRR 690.4, respectively.

Ordered that the order is modified, on the law, by deleting the provision thereof which denied that branch of the appellants' motion which was to dismiss the second cause of action asserted in the complaint and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff, Francis Paruolo, commenced this action against the New York State Association for the Help of Retarded Children, Inc. (hereinafter AHRC), Nassau County Chapter, as well as against AHRC's executive director, president and attorney, seeking damages for defamation, breach of employment contract, a violation of 14 NYCRR 690.4 and conspiracy to suborn perjury, all in connection with his termination from employment with AHRC in June 1988. The Supreme Court dismissed the complaint in its entirety as against AHRC's attorney. The Supreme Court also dismissed the causes of action alleging defamation and conspiracy to suborn perjury as against the remaining defendants, but did not dismiss the causes of action alleging a breach of employment contract and a violation of 14 NYCRR 690.4. AHRC, AHRC's president and AHRC's executive director appeal from the order.

Absent an agreement establishing a fixed duration, an employment relationship is presumed to be a hiring at will, terminable at any time by either party (see, Sabetay v Sterling Drug, 69 NY2d 329, 333). In the case at bar, Paruolo's employment was not for any specific period of time, rendering him an employee at will. Notwithstanding status as an employee at will, an action to recover damages for the breach of an employment contract may be maintained where the existence of a limitation by express agreement, and reliance thereon, is demonstrated under certain circumstances (see, Weiner v Mc-Graw-Hill, Inc., 57 NY2d 458). However, in order to sustain a cause of action for breach of an employment contract in such an event, not only must an employment manual contain a clear and express limitation that an employee will only be discharged for cause, but the plaintiff must also establish reliance on such an express limitation in the employment manual (see, Marvin v Kent Nursing Home, 153 AD2d 553).

While Paruolo has established that AHRC's Manual of Policies and Procedure provided that the employment of a staff member would not be terminated without cause, he has failed to establish that he relied in any way on this provision. The absence of a showing of reliance by Paruolo is fatal to his

cause of action for breach of the employment contract *(see, Weiner v McGraw-Hill, Inc., supra; Marvin v Kent Nursing Home, supra).*

However, we do find that the Supreme Court properly sustained Paruolo's cause of action based on a violation of 14 NYCRR 690.4 as against the remaining defendants *(see, Lamagna v New York State Assn. for Help of Retarded Children,* 158 AD2d 588). Bracken, J. P., Eiber, Balletta and Rosenblatt, JJ., concur.