**Terrence L. McGRANE, Plaintiff,**

v.

**The READER'S DIGEST ASSOCIATION, INC., Defendant.**

No. 92 Civ. 8132(VLB).

United States District Court,
S.D. New York.

Sept. 28, 1994.

Robert L. Brinton, Brinton & January, White Plains, NY, for plaintiff.

Robert E. Crotty, Kelley, Drye & Warren, New York City, for defendant.

## MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

### I

Plaintiff Terrence L. McGrane, a former employee of defendant Reader's Digest Association, Inc. (the "Digest") brought this diversity suit seeking damages and other relief. McGrane, hired as an auditor and fraud investigator for the Digest, alleged in his complaint that he was prevented from pursuing, in ways he considered appropriate, various reports of financial wrongdoing and assertedly hazardous behavior. He alleges that he was forced to resign for attempting to pursue these issues. Based on these allegations, McGrane's complaint asserted contractual and related claims, violation of New York's "whistle blower" statute, N.Y. Labor Law § 740, and failure to pay sums allegedly due him.

The Digest moved to dismiss the complaint for failure to state a claim under Fed. R.Civ.P. 12(b). In a memorandum order dated May 27, 1993, *McGrane v. Reader's Digest*, 822 F.Supp. 1044 (S.D.N.Y.1993), I outlined problems with the complaint and granted permission to McGrane to supplement the complaint prior to a ruling on the motion.

Thereafter, by memorandum order dated December 13, 1993, 1993 WL 525127, 1993 U.S.Dist. LEXIS 17790 (S.D.N.Y.1993), I dismissed the complaint except for (a) claims under New York State's "whistleblower" statute, N.Y. Labor Law 740, and (b) claims for unpaid amounts due; I directed McGrane to submit material adequate to establish a genuine issue of material fact as to the validity of those claims (see *Celotex v. Catrett,* 477 U.S. 317, 326, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986)). Familiarity with the

May 27, 1993 and December 13, 1993 memorandum orders is assumed.

Because plaintiff has failed to submit sufficient evidence to establish a genuine issue of material fact with respect to the validity of the remaining claims, this case is dismissed in its entirety and the Clerk is directed remove this case from the active calendar of the court.

### II

■ McGrane has failed to provide evidence of any specific reports made by him personally, for which he may have been penalized, concerning any substantial and specific danger to the public health or safety, see N.Y. Labor Law 740(2)(a); *Remba v. Federation Employment & Guidance Service,* 76 N.Y.2d 801, 559 N.Y.S.2d 961, 559 N.E.2d 655 (1990).

While such reports in written form are not required by the statute, it is implausible[1] that McGrane should have retained no copies of letters or memoranda sent by him to anyone claiming that substantial specific health or safety hazards existed requiring urgent action. McGrane has produced notes of conversations which indicate that he reported various deficiencies concerning many matters affecting the Digest, but none of them pinpoints in detail any actual substantial and specific risks to health or safety. These notes are summaries kept by McGrane for his own records; what are strikingly absent are any written communications to others concerning such risks: such communications are required for a claim under New York Labor Law 740.

■ Failure of the Digest to pursue every matter which McGrane as auditor believed should be pursued does not constitute injury to his rights under any statute, nor under any contract which has been cited to the court.

McGrane has produced a handwritten list of amounts promised and paid but has failed to set forth specific agreements to pay him such amounts, nor has he specified what

---

1. If a claim is "implausible ... [claimants] must come forward with more persuasive evidence to support their claim than would otherwise be necessary." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

amounts are due under any particularized commitments.

■ In a whistleblower retaliation or unpaid benefit case a plaintiff may reasonably be required to submit specifics that would support the claim. Those specifics would normally be within plaintiff's own knowledge or possession; relevant information in such cases is not exclusively available to the adversary. A claimant must show the information involving risks, as defined in Labor Law 740, which was provided by the claimant and to whom it was provided; and he also must show the specifics with respect to which he claims that unpaid amounts are due.[2]

McGrane has failed to provide evidence adequate to show even the arguable existence of a genuine claim.

### III

■ McGrane's complaint alleges that the Digest had distributed copies of documents produced by the Institute of Internal Auditors constituting job descriptions for auditors such as McGrane: "Standards for the Professional Practice of Internal Auditing" (1978). The complaint does not allege any contractual commitment by the Digest to follow such standards.

McGrane argues that his claims are supported by *Mulder v. Donaldson*, 161 Misc.2d 698, 611 N.Y.S.2d 1019 (Sup.Ct.N.Y.Co.1994), which permitted punitive damages to be sought against a securities firm which had discharged one of its auditors for reporting violation of securities laws. *Mulder* indicated that violation of legally imposed professional standards may support an implied contract claim, by analogy to *Wieder v. Skala*, 80 N.Y.2d 628, 593 N.Y.S.2d 752, 609 N.E.2d 105 (1992) (which dealt with violations of legal ethics). There is nothing in *Wieder* or *Mulder* suggesting that standards articulated solely by private bodies are legally enforceable. *Mulder* did not deal with privately promulgated standards, nor did it imply that private bodies possessed authority to issue standards binding on others without their agreement.

■ Moreover, as I pointed out in greater detail in the December 13, 1993 memorandum order, by electing to proceed under Labor Law 740, McGrane has necessarily abandoned any breach of contract or other claims arising out of the same events.

N.Y. Labor Law § 740(7) provides:

> *Existing rights* ... [T]he institution of an action in accordance with this section shall be deemed a waiver of the rights and remedies available under any other contract, collective bargaining agreement, law, rule or regulation or under the common law.

The contract claim dismissed in my memorandum order of May 27, 1993 is not resuscitated by McGrane's current submissions.

### IV

The Clerk is directed to close this case.[3]

SO ORDERED.

---

**2.** Subsequent to the December 13, 1993 memorandum order, the Digest provided on consent some documents requested by McGrane; McGrane asserts, however, that the documents produced were inadequate.

**3.** A protective order was entered in this case on January 22, 1993 by consent of the parties. This protective order, as is customary, permits application for its modification upon notice (§ 7). While such agreements must be honored unless modified, their application is primarily aimed at protecting trade secrets and other confidential information obtained in the course of discovery. See Fed.R.Civ.P. 26(c)(7).

Information obtained by means other than discovery or other litigation devices is subject to close scrutiny, but it is not ordinarily covered by a litigation protective order. See *United States v. Caparros*, 800 F.2d 23, 25 (2d Cir.1986), quoting *Seattle Times v. Rhinehart*, 467 U.S. 20, 33, 104 S.Ct. 2199, 2207–08, 81 L.Ed.2d 17 (1984). Notwithstanding this, the protective order in the present case purports to cover certain documents obtained prior to discovery. It does not prohibit revelation of events observed by McGrane during his employment by defendant.

Jurisdiction is reserved with regard to matters involving the protective order in this case.