■ ALEXANDER KAGANOWICZ, Appellant, v BOOTH MEMORIAL MEDICAL CENTER, Respondent. [627 NYS2d 948] —In an action, *inter alia,* to recover damages for breach of an employment contract, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Friedmann, J.), dated November 24, 1993, as granted the

defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The court properly granted summary judgment since the defendant proffered sufficient evidence to demonstrate that no triable issues of fact existed, and the plaintiff's papers in opposition were insufficient to demonstrate otherwise *(see, Alvarez v Prospect Hosp.,* 68 NY2d 320; *Zuckerman v City of New York,* 49 NY2d 557). We reject the plaintiff's assertion that there exists an issue of fact as to whether he relied upon provisions within the defendant's personnel manual which purportedly limited the grounds of his dismissal to just cause *(see, Sabetay v Sterling Drug,* 69 NY2d 329; *O'Connor v Eastman Kodak Co.,* 65 NY2d 724; *Weiner v McGraw-Hill, Inc.,* 57 NY2d 458; *O'Reilly v Citibank,* 198 AD2d 270; *Porras v Montefiore Med. Ctr.,* 185 AD2d 784; *Paruolo v Cohen,* 167 AD2d 454). In addition, the plaintiff failed to demonstrate that the allegedly unlawful billing practices of the hospital "create[d] and present[ed] a substantial and specific danger to the public health or safety" (Labor Law § 740 [2] [a]; *Remba v Federation Empl. & Guidance Serv.,* 76 NY2d 801; *Connolly v Macklowe Real Estate Co.,* 161 AD2d 520; *Lamagna v New York State Assn. for Help of Retarded Children,* 158 AD2d 588; *Easterson v Long Is. Jewish Med. Ctr.,* 156 AD2d 636). Sullivan, J. P., Copertino, Goldstein and Florio, JJ., concur.