■ BEATRICE RADICE, Respondent, v ELDERPLAN, INC., Appellant. [630 NYS2d 326] —In an action to recover damages for wrongful termination of employment, the defendant appeals from an order of the Supreme Court, Kings County (Vaccaro, J.), dated January 20, 1994, which denied its motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff's complaint alleges that the defendant wrongfully terminated her employment as a nurse discharge planner because she reported the abuse of an elderly patient by a personal care worker/home aide employed by a third party. The alleged abuse occurred in the home of the patient while the patient was in the care of her family and the personal care worker/home aide.

The defendant appeals from the denial of its motion to dismiss the complaint on the ground that it fails to state a cause of action. The Supreme Court erred in denying the mo-

tion and in finding that the complaint states a cause of action to recover damages for retaliatory discharge pursuant to Labor Law § 740.

In order to establish a violation of Labor Law § 740, a plaintiff must prove (a) that the activity, policy, or practice that she objected to, refused to participate in, disclosed, or threatened to disclose was an activity, policy, or practice of the employer, (b) that the activity, policy, or practice constituted an actual violation of a law, rule, or regulation *(see, Bordell v General Elec. Co.,* 208 AD2d 219; *Connolly v Macklowe Real Estate Co.,* 161 AD2d 520; *Remba v Federation Empl. & Guidance Serv.,* 149 AD2d 131, *affd* 76 NY2d 801), and (c) that the violation was one that creates and presents a substantial and specific danger to the public health or safety *(see, Remba v Federation Empl. & Guidance Serv.,* 76 NY2d 801; *Easterson v Long Is. Jewish Med. Ctr.,* 156 AD2d 636; *Kern v DePaul Mental Health Servs.,* 152 AD2d 957; *Leibowitz v Bank Leumi Trust Co.,* 152 AD2d 169).

The activity that the plaintiff allegedly reported was not an activity of the defendant or of any of its employees. Rather, the alleged abuse was the act of a personal care worker/home aide employed by a third party who is not even a party to this action.

In view of our conclusion, we find it unnecessary to consider the parties' remaining contentions. Bracken, J. P., Balletta, Pizzuto and Krausman, JJ., concur.