■ EDWARD A. ANDREWS, Respondent, v BENJAMIN BRUK, Appellant. [631 NYS2d 771] —In an action to recover damages for invasion of privacy and intentional infliction of emotional distress, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (McCaffrey, J.), dated March 25, 1994, as denied the branch of his motion pursuant to CPLR 3211 (a) (7) which was to dismiss the cause of action to recover damages for intentional infliction of emotional distress.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the branch of the motion which was to dismiss the cause of action to recover damages for intentional infliction of emotional distress is granted, and the complaint is dismissed.

The plaintiff commenced the instant action alleging invasion of privacy and intentional infliction of emotional distress after the defendant obtained two hospital documents showing that the plaintiff underwent a vasectomy and used the documents as an exhibit to a motion the defendant made in an action for divorce. The documents were used to support the defendant's contention that his wife was having an affair with the plaintiff. The Supreme Court granted the branch of the defendant's motion which was to dismiss the cause of action to recover damages for invasion of privacy but denied the branch of the motion which was to dismiss the cause of action for intentional infliction of emotional distress.

We agree with the defendant that the court erred in denying the branch of his motion which was to dismiss the cause of action alleging intentional infliction of emotional distress. It is well established that the tort of intentional infliction of emotional distress consists of four elements: "(i) extreme and outrageous conduct; (ii) intent to cause, or disregard of a substantial probability of causing, severe emotional distress; (iii) a causal connection between the conduct and injury; and (iv) severe emotional distress" *(Howell v New York Post Co.,* 81 NY2d 115, 121). " 'Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community' " *(Murphy v American Home Prods. Corp.,*

58 NY2d 293, 303, quoting Restatement [Second] of Torts § 46, comment d).

Here, while the defendant's conduct in obtaining and using the documents in his matrimonial action is not to be condoned, it did not rise to a level which would satisfy the "extreme and outrageous conduct" element of the cause of action (see, Howell v New York Post Co., supra, at 121; Freihofer v Hearst Corp., 65 NY2d 135; Waldron v Ball Corp., 210 AD2d 611; Carpenter v City of Plattsburgh, 105 AD2d 295, affd 66 NY2d 791). "Not every deplorable act * * * is redressable in damages" (Madden v Creative Servs., 84 NY2d 738, 746).

In view of our finding that the complaint fails to state a cause of action alleging intentional infliction of emotional distress, we need not reach the parties' remaining contentions. Bracken, J. P., Balletta, Pizzuto and Hart, JJ., concur.