■ Stuart Glashow et al., Appellants, v Linden Towers Co-operative #4, Inc., et al., Respondents, et al., Defendants. [770 NYS2d 642]—

In an action, inter alia, to recover damages for malicious prosecution, the plaintiffs appeal from so much of an order of the Supreme Court, Queens County (Milano, J.), dated June 14, 2002, as granted those branches of the defendants' motion which were for summary judgment dismissing the complaint insofar as asserted against the defendants Linden Towers Coop-

erative #4, Inc., Arlene Fleishman, Eleanor Mishanie, Seymour Albin, Alan Grabkowitz, Leo Janson, Judy Lippel, Marty Dinnerstein, and Al Schulman.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly dismissed the plaintiffs' cause of action to recover damages for malicious prosecution insofar as asserted against the respondents. After the respondents made out a prima facie case for summary judgment, the plaintiffs failed to raise a triable issue of fact as to whether they sustained a special injury and whether the respondents acted with malice (*see Sirianni v Rafaloff,* 284 AD2d 447 [2001]; *cf. Dudick v Gulyas,* 277 AD2d 686 [2000]; *Honzawa v Honzawa,* 268 AD2d 327 [2000]).

The plaintiffs' cause of action to recover damages for the intentional infliction of emotional distress was also properly dismissed against the respondents since the plaintiffs failed, after the respondents made out a prima facie case for summary judgment, to raise a triable issue of fact as to whether the complained of conduct was "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community" (*Murphy v American Home Prods. Corp.,* 58 NY2d 293, 303 [1983] [internal quotation marks omitted]; *see Walentas v Johnes,* 257 AD2d 352 [1999]; *Dillon v City of New York,* 261 AD2d 34 [1999]; *Harville v Lowville Cent. School Dist.,* 245 AD2d 1106 [1997]; *Leibowitz v Bank Leumi Trust Co. of N.Y.,* 152 AD2d 169, 181-182 [1989]). Altman, J.P., Cozier, Mastro and Rivera, JJ., concur.