██ Lou Mazzacone, Appellant, v Corlies Associates et al., Defendants, and Richard Strain et al., Respondents. [802 NYS2d 182]—

In an action, inter alia, to recover damages for violation of Labor Law § 740, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Dutchess County (Sproat, J.), dated May 21, 2004, as granted that branch of the motion of the defendants Richard Strain and Charles J. Maneri, Jr., which was for summary judgment dismissing the complaint insofar as asserted against them, and denied his cross motion pursuant to CPLR 3212 (f) for further discovery.

Ordered that the order is affirmed insofar as appealed from, with costs.

To establish a cause of action under Labor Law § 740, commonly referred to as "the whistleblower's statute" (*Lamagna v New York State Assn. for Help of Retarded Children*, 158 AD2d 588, 589 [1990]), a plaintiff must plead and prove that his or her employer engaged in an activity, policy, or practice which violated a law, rule, or regulation that presented a substantial

and specific danger to the public health or safety (*see Bordell v General Elec. Co.,* 88 NY2d 869, 871 [1996]; *Lamagna v New York State Assn. for Help of Retarded Children, supra; Leibowitz v Bank Leumi Trust Co. of N.Y.,* 152 AD2d 169, 175-176 [1989]).

The plaintiff failed to raise a triable issue of fact to refute the prima facie showing by the respondents that they did not engage in any activity, policy, or practice which constituted an actual violation (*see Bordell v General Elec. Co., supra; Khan v State Univ. of N.Y. Health Science Ctr. at Brooklyn,* 288 AD2d 350 [2001]).

Similarly, the respondents established their prima facie entitlement to summary judgment dismissing the cause of action to recover damages for intentional infliction of emotional distress by demonstrating that their alleged conduct was not " 'so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community' " (*Fischer v Maloney,* 43 NY2d 553, 557 [1978], quoting Restatement [Second] of Torts § 46 [1], Comment *d; see Freihofer v Hearst Corp.,* 65 NY2d 135, 143 [1985]; *Murphy v American Home Prods. Corp.,* 58 NY2d 293, 303 [1983]; *Sarlo v Fairchild Sons,* 256 AD2d 322 [1998]). The plaintiff failed to raise a triable issue of fact in opposition to the respondents' submissions on this issue (*see Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]). Therefore, the Supreme Court properly granted that branch of the respondents' motion which was for summary judgment dismissing the complaint insofar as asserted against them.

The plaintiff's remaining contention regarding the denial of his cross motion for further discovery has been rendered academic, and in any event, is without merit. H. Miller, J.P., Cozier, Ritter and Spolzino, JJ., concur.