■ Leonardo Fontani, Appellant, v Alex Suskind Rosenblum, Respondent. [813 NYS2d 119]—

In an action, inter alia, to recover damages for intentional infliction of emotional distress, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Bayne, J.), dated November 22, 2004, as granted that branch of the defendant's motion which was for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant established his prima facie entitlement to summary judgment by demonstrating that his failure to include the second page of a prior court order as part of his submissions to the court in a separate action did not rise to the level of extreme and outrageous conduct necessary to support a cause of action to recover damages for intentional infliction of emotional distress (*see e.g. Mazzacone v Corlies Assoc.,* 21 AD3d 1066 [2005]; *Levy v Grandone,* 14 AD3d 660 [2005]; *Glashow v Linden Towers Coop. #4,* 3 AD3d 550 [2004]; *Liranzo v New York City Health & Hosps. Corp.,* 300 AD2d 548 [2002]). In opposition, the plaintiff failed to raise a triable issue of fact (*see*

*Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]; *Mazzacone v Corlies Assoc., supra*; *Harper v Farensbach*, 8 AD3d 341 [2004]; *Glashow v Linden Towers Coop #4, supra*). Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was for summary judgment dismissing the cause of action to recover damages for intentional infliction of emotional distress.

The plaintiff's remaining contentions are without merit. Schmidt, J.P., Rivera, Skelos and Lifson, JJ., concur.