■ GAYLE FREESE, Appellant, v RONALD WILLA et al., Respondents, et al., Defendant. [932 NYS2d 512]—

The plaintiff maintains that her first cause of action adequately alleges a cause of action under Labor Law § 740 in that the complaint alleges that she was retaliated against and discharged by her employer, the defendant Faculty-Student Association of the State University of New York at Stony Brook, Inc., for, among other things, complaining to her supervisor and others about the misappropriation of funds by certain employees and inappropriate comments made by one employee to another about a female student, and for filing grievances relating to a deprivation of vacation pay and a reduction of work hours. A cause of action based upon Labor Law § 740, known as the "whistleblower statute," is available " 'to an employee who

discloses or threatens to disclose an employer activity or practice which (1) is in violation of a law, rule or regulation, and (2) creates a substantial and specific danger to the public health' " (*Pipia v Nassau County*, 34 AD3d 664, 665 [2006], quoting *Lamagna v New York State Assn. for Help of Retarded Children*, 158 AD2d 588, 589 [1990]; *see* Labor Law § 740 [2] [a], [c]). Contrary to the plaintiff's contention, she failed to plead a violation of any law, rule, or regulation with the requisite particularity and specificity necessary to support a cause of action under Labor Law § 740 (*see Blumenreich v North Shore Health Sys.*, 287 AD2d 529, 530 [2001]). Moreover, the complaint does not allege a violation which would threaten the health or safety of the public at large (*see Remba v Federation Empl. & Guidance Serv.*, 76 NY2d 801, 802 [1990]; *Pipia v Nassau County*, 34 AD3d at 666; *Smith v Angel Guardian Home*, 263 AD2d 476 [1999]; *Kaganowicz v Booth Mem. Med. Ctr.*, 215 AD2d 530, 531 [1995]; *Lamagna v New York State Assn. for Help of Retarded Children*, 158 AD2d at 589). In addition, the Supreme Court properly held that the defendants Undergraduate Student Government, Eunice Ro, Joseph Antonelli, and Peter M. Baigent were entitled to dismissal of the first cause of action insofar as asserted against them because the plaintiff had no employee-employer relationship with any of these defendants (*see Salimi v New York Methodist Hosp.*, 45 AD3d 559 [2007]; *Edward M. Stephens, M.D., F.A.A.P. v Prudential Ins. Co. of Am.*, 278 AD2d 16 [2000]). Since the plaintiff does not advance any other legal theory upon which her first cause of action is based, the Supreme Court properly granted those branches of the respondents' separate motions which were pursuant to CPLR 3211 (a) (7) to dismiss that cause of action insofar as asserted against them.

Since the plaintiff asserted a cause of action pursuant to Labor Law § 740, "[she] waived other causes of action relating to the alleged retaliatory [action]" (*Deshpande v TJH Med. Servs., P.C.*, 52 AD3d 648, 651 [2008]). Accordingly, those branches of the respondents' separate motions which were to dismiss the third cause of action alleging wrongful termination insofar asserted against them were properly granted, as they arose out of or related to the same underlying claim of retaliation. Rivera, J.P., Eng, Belen and Austin, JJ., concur. **[Prior Case History: 2010 NY Slip Op 31766(U).]**