*709 In an action, inter alia, to recover damages for violation of Labor Law § 740 and intentional infliction of emotional distress, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Vaughan, J.), dated March 23, 2011, as denied their motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action.
Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the defendants’ motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint is granted.
The plaintiff Lisa Klein (hereinafter the plaintiff), who was formerly employed as the Director of the defendant Metropolitan Child Services, Inc./Vernon Avenue Children’s School, LLC (hereinafter Metropolitan), commenced this action, inter alia, to recover damages for violation of Labor Law § 740, alleging that she was unlawfully terminated from her position in retaliation for “reporting illegal and incorrect activities on the part of [the defendants Michael Koffler and Kevin McCarthy],” who are, respectively, the Chief Executive Officer and Chief Financial Officer of Metropolitan. The plaintiff also asserted a cause of action alleging intentional infliction of emotional distress based upon her allegation that she “suffered extreme and grievous mental distress [as a result of] the extreme and outrageous behavior of” Koffler and McCarthy. The plaintiff Menachem Klein asserted a derivative cause of action seeking damages for the alleged loss of companionship and services of his wife. The defendants’ motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action was denied by the Supreme Court without explanation.
Labor Law § 740 prohibits an employer from taking “any retaliatory personnel action against an employee” who discloses to a supervisor or public body “an activity, policy or practice of the employer that is in violation of law, rule or regulation which violation creates and presents a substantial and specific danger to the public health or safety” (Labor Law § 740 [2] [a]). There must be an actual violation of a law, rule, or regulation. An employee’s “good faith, reasonable belief that a violation occurred is insufficient” to satisfy the statute (Nadkarni v North Shore-Long Is. Jewish Health Sys., 21 AD3d 354, 355 [2005]; see Bordell v General Elec. Co., 88 NY2d 869, 871 [1996]; Berde v North Shore-Long Is. Jewish Health Sys., Inc., 50 AD3d 834, 835 [2008]; Khan v State Univ. of N.Y. Health Science Ctr. at *710 Brooklyn, 288 AD2d 350 [2001]). Additionally, the protection afforded by Labor Law § 740 (2) “is triggered only by a violation of a law, rule or regulation that creates and presents a substantial and specific danger to the public health and safety” (Remba v Federation Empl. & Guidance Serv., 76 NY2d 801, 802 [1990]; see Pipia v Nassau County, 34 AD3d 664, 665 [2006]; Nadkarni v North Shore-Long Is. Jewish Health Sys., 21 AD3d at 355; Khan v State Univ. of N.Y. Health Science Ctr. at Brooklyn, 288 AD2d at 350; Easterson v Long Is. Jewish Med. Ctr., 156 AD2d 636, 637 [1989]).
Here, although the complaint must be given the benefit of all favorable inferences at this stage in the proceedings (see Leon v Martinez, 84 NY2d 83, 87-88 [1994]; Morales v Copy Right, Inc., 28 AD3d 440 [2006]), it nevertheless fails to state a cause of action. Other than the conclusory allegation that “[by] Head Start Law, Mr. Koffler is not allowed to engage in nepotism,” the complaint does not cite to any law, rule, or regulation which allegedly was actually violated by the defendants. Moreover, the complaint makes no allegation that the defendants’ conduct constituted a substantial and specific danger to the public health or safety (see Hughes v Gibson Courier Servs. Corp., 218 AD2d 684, 684-685 [1995]; Lamagna v New York State Assn. for Help of Retarded Children, 158 AD2d 588, 589 [1990]). Indeed, inasmuch as the complained of conduct related mainly to alleged financial improprieties, it does not “satisfy the element of a threat to public health and safety and, thus, cannot sustain a cause of action alleging a violation of Labor Law § 740” (Tomo v Episcopal Health Servs., Inc., 85 AD3d 766, 768 [2011]; see Remba v Federation Empl. & Guidance Serv., 76 NY2d at 802; Pipia v Nassau County, 34 AD3d at 666; Smith v Angel Guardian Home, 263 AD2d 476 [1999]; Kaganowicz v Booth Mem. Med. Ctr., 215 AD2d 530, 531 [1995]; Lamagna v New York State Assn. for Help of Retarded Children, 158 AD2d at 589).
Similarly, the complaint does not state a cause of action to recover damages for intentional infliction of emotional distress. The elements of intentional infliction of emotional distress are (1) extreme and outrageous conduct; (2) the intent to cause, or the disregard of a substantial likelihood of causing, severe emotional distress; (3) causation; and (4) severe emotional distress (see Howell v New York Post Co., 81 NY2d 115, 121 [1993]; Andrews v Bruk, 220 AD2d 376, 376 [1995]). The subject conduct must be “ ‘so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community’ ” (Murphy v American Home Prods. Corp., 58 NY2d *711 293, 303 [1983], quoting Restatement [Second] of Torts § 46, Comment d; see Andrews v Bruk, 220 AD2d at 376-377). Furthermore, conclusory assertions are insufficient to set forth a cause of action sounding in the intentional infliction of emotional distress (see Welsh v Haven Manor Health Care Ctr., 15 AD3d 572 [2005]).
Here, the cause of action alleging intentional infliction of emotional distress states little more than the conclusion that “[plaintiff] suffered extreme and grievous mental distress [as a result of] the extreme and outrageous behavior of the defendants.” Moreover, even accepting as true the allegations in the complaint regarding the defendants’ conduct (see Leon v Martinez, 84 NY2d at 87-88; McGuire v Sterling Doubleday Enters., L.P., 19 AD3d 660, 661 [2005]), such conduct was not “so outrageous in character, and so extreme in degree” as to qualify as intentional infliction of emotional distress (see Murphy v American Home Prods. Corp., 58 NY2d at 303; Andrews v Bruk, 220 AD2d at 376-377; see also Welsh v Haven Manor Health Care Ctr., 15 AD3d at 572).
With respect to the derivative cause of action asserted on behalf of the plaintiffs husband, Menachem Klein, we note that a spouse’s cause of action to recover for loss of services or consortium does not exist independent of the injured spouse’s right to maintain an action for injuries sustained (see Liff v Schildkrout, 49 NY2d 622, 632 [1980]). Consequently, the derivative cause of action cannot survive the dismissal of the main claims for damages (see e.g. Cruz v City of New York, 302 AD2d 553, 554 [2003]; Belanoff v Grayson, 98 AD2d 353, 358 [1984]). Accordingly, the Supreme Court should have granted the defendants’ motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint. Eng, PJ., Rivera, Hall and Sgroi, JJ., concur.