■ HEATH C. HUGHES et al., Appellants, v GIBSON COURIER SERVICES CORP. et al., Respondents. [630 NYS2d 552] —In an action to recover damages for retaliatory discharge pursuant to Labor Law § 740, the plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Nassau County (Winick, J.), entered January 11, 1994, which, upon granting the defendants' motion to dismiss the complaint for failure to state a cause of action, dismissed the complaint.

Ordered that the order and judgment is affirmed, without costs or disbursements.

On December 18, 1992, the plaintiffs were discharged from their employment as armed guards because they refused to work with pistol permits which they believed to be invalid in Suffolk County. The plaintiffs subsequently commenced this action alleging that they had been discharged in violation of the provisions of Labor Law § 740, the so-called "Whistleblower Statute". The defendants countered by moving to dismiss the action, contending that the complaint failed to state a valid claim under the Whistleblower Statute because the pistol permits which the plaintiffs claimed were invalid in Suffolk County were actually valid in every county in New York State. In opposition to the motion, the plaintiffs maintained that the defendants should be barred from arguing that the pistol permits were valid because an Administrative Law Judge had previously determined, in the context of an unemployment benefits proceeding, that the permits were invalid, and that the plaintiff Heath C. Hughes was discharged, *inter alia,* for advising his coworkers of this fact. The Supreme Court subsequently granted the defendants' motion to dismiss, and we now affirm.

In order to establish a cause of action under Labor Law § 740 (2) (c), the plaintiffs must show that they were discharged in retaliation for refusing to participate in an activity which violated a law, rule, or regulation, and which created a substantial and specific danger to the public health *(see, Remba v Federation Empl. & Guidance Serv.,* 76 NY2d 801; *Easterson v Long Is. Jewish Med. Ctr.,* 156 AD2d 636; *Leibowitz v Bank*

*Leumi Trust Co.,* 152 AD2d 169). Here, however, the Supreme Court correctly rejected the plaintiffs' contention that the defendants directed them to violate the law by working with invalid pistol permits. Although the plaintiffs allege that they were informed that their permits were invalid because their employer had moved its base of operations from Nassau County to Suffolk County, Penal Law § 400.00 (6) provides that "a license to carry or possess a pistol or revolver, not otherwise limited as to place or time of possession, shall be effective throughout the state". Thus, a license "does not expire or become ineffective simply because the licensee moves to another county" *(Matter of Mulligan v Williams,* 169 AD2d 280, 282).

We further reject the plaintiffs' contention that the issue of whether the pistol permits were invalid was conclusively determined in their favor by the Administrative Law Judge who ruled that the plaintiff Hughes was entitled to unemployment benefits. Although it is well settled that collateral estoppel can give conclusive effect to the quasi-administrative determinations of administrative agencies, the doctrine may be properly invoked only where there was a full and fair opportunity to contest the decision later asserted to be controlling *(see, Ryan v New York Tel. Co.,* 62 NY2d 494; *Frybergh v Kouffman,* 145 AD2d 529). In the instant case, however, a "practical inquiry into 'the realities' " of the prior litigation *(see, Gilberg v Barbieri,* 53 NY2d 285, 292) demonstrates that the defendants did not have a full and fair opportunity to litigate the issue of whether the pistol permits were valid. Significantly, the defendants did not initiate the administrative proceeding, and were not represented by counsel. Moreover, there is no indication that the defendants were aware that an award of unemployment benefits to the plaintiff Hughes might later be used in an attempt to establish liability in an action for retaliatory discharge. Under these circumstances, the Supreme Court properly rejected the plaintiffs' attempt to invoke the doctrine of collateral estoppel *(see, Dusovic v New Jersey Tr. Bus Operations,* 124 AD2d 634).

Finally, we note that even if the plaintiffs' belief that the pistol permits were invalid had been correct, their claim would still fail because the defendants' alleged wrongdoing did not present an actual and substantial danger to the public health *(see, Remba v Federation Empl. & Guidance Serv., supra; Easterson v Long Is. Jewish Med. Ctr., supra).* Balletta, J. P., Copertino, Pizzuto and Krausman, JJ., concur.