■ SMITHTOWN GENERAL HOSPITAL, as Assignee, et al., Respondents, v STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant. [644 NYS2d 542]

The plaintiff Smithtown General Hospital (hereinafter Smithtown General) was the assignee of 38 no-fault insurance claims against the defendant, State Farm Mutual Automobile Insurance Company (hereinafter State Farm). At issue on the present appeal is whether the plaintiff Joseph Henig, P. C. (hereinafter Henig), Smithtown General's counsel, is entitled to recover attorney's fees from State Farm for its prosecution of a prior appeal in which this Court held that the Supreme Court had improperly determined the amount of interest and attorney's fees for which State Farm was responsible to the plaintiffs on the underlying no-fault claims *(see, Smithtown Gen. Hosp. v State Farm Mut. Auto. Ins. Co.,* 207 AD2d 338).

Henig's attempt to recover attorney's fees for his prosecution of the prior appeal is an impermissible attempt to recover a "fee upon a fee" *(see, Hempstead Gen. Hosp. v Allstate Ins. Co.,* 106 AD2d 429, 431, *affd* 64 NY2d 958). Henig's reliance upon 11 NYCRR 65.18 (k) (4) is misplaced. 11 NYCRR 65.18 concerns proceedings involving a master arbitrator and, *inter alia,* allows a claimant to recover an "attorney's fee for services rendered in connection with a court adjudication of a dispute de novo, as provided in section 5106 (c) of the Insurance Law, or in a court appeal from a master arbitration award and any further appeals" (11 NYCRR 65.18 [k] [4]). Since this proceeding did not involve an appeal of a master arbitration award, this section is inapplicable here. Henig's reliance upon *Matter of Hempstead Gen. Hosp. v National Grange Mut. Ins. Co.* (179 AD2d 645) is also misplaced, since in that case the petitioner was awarded attorney's fees in a proceeding which involved a court appeal from a master arbitration award. Mangano, P. J., Thompson, Florio and McGinity, JJ., concur.