■ EDMUND KELLY, Respondent, v XEROX CORPORATION, Appellant. [681 NYS2d 322] —In an action to recover damages pursuant to Labor Law § 215 for retaliatory discharge, the defendant appeals from an order of the Supreme Court, Nassau County (DiNoto, J.), entered December 31, 1997, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On or about May 15, 1990, the plaintiff made a complaint to the New York State Department of Labor, alleging that the defendant had violated the New York State Labor Law by refusing to pay earned commissions. That claim was settled on February 11, 1993, for $17,000. The plaintiff was discharged from his employment on or about April 15, 1993, and commenced

the instant action pursuant to Labor Law § 215, claiming that the termination of his employment was in retaliation for his complaining about his employer's violation of the Labor Law.

Labor Law § 215 prohibits discharging an employee in retaliation for making a complaint that the employer "has violated any provision of this chapter, or because such employee has caused to be instituted a proceeding under or related to this chapter". "[T]his chapter" refers to any provision of the Labor Law (see, Labor Law § 1; Leibowitz v Bank Leumi Trust Co., 152 AD2d 169, 174).

In this case, the plaintiff alleged that his employer failed to pay him earned commissions in violation of the Labor Law (see, Labor Law §§ 191, 198-c), and participated in a proceeding under the Labor Law with respect to that claim. His contention that he was discharged in retaliation for pursuing the claim is supported by sworn factual allegations in the record. There is no allegation the he waived any claim for retaliation as part of his settlement of his claim for unpaid commissions (cf., Warden v Squibb & Sons, 840 F Supp 203). Accordingly, the defendant's motion for summary judgment was properly denied.

The defendant's remaining contentions are without merit. Sullivan, J. P., Krausman, Goldstein and Luciano, JJ., concur.