■ Mahmood Khan, Respondent, v State University of New York Health Science Center at Brooklyn, Appellant. [734 NYS2d 92] —In an action, *inter alia*, to recover damages for violation of Labor Law § 740, the defendant appeals from so much of an order of the Supreme Court, Queens County (Polizzi, J.), dated June 20, 2000, as denied that branch of its motion which was for summary judgment dismissing the third cause of action alleging a violation of Labor Law § 740.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the defendant's motion which was for summary judgment dismissing the third cause of action is granted, and the complaint is dismissed.

To sustain a cause of action to recover damages under Labor Law § 740, sometimes referred to as the "whistleblower's law," an employee must, *inter alia*, plead and prove that the employer engaged in an activity, policy, or practice that constituted an actual violation of law, rule, or regulation (*see, Bordell v General Elec. Co.,* 88 NY2d 869, 871). An employee's good-faith reasonable belief that an actual violation of a law, rule, or regulation occurred is insufficient; there must be an actual violation (*see, Bordell v General Elec. Co., supra; Hughes v Gibson Courier Servs. Corp.,* 218 AD2d 684; *Capobianco v American Stock Exch.,* 233 AD2d 189, 190).

The defendant came forward with sufficient admissible evi-

dence to sustain its burden on the motion for summary judgment (*see, Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853). The affidavits and other evidentiary proof established that during the period relevant to the plaintiff's complaints of unsafe conditions, the defendant's laboratories were not found to be in violation of any safety or health standards promulgated under the United States Occupational Safety and Health Act of 1970 (hereinafter OSHA), or any regulations promulgated by the Department of Labor.

The plaintiff, on the other hand, failed to make the requisite factual showing to defeat the motion (*see, Zuckerman v City of New York,* 49 NY2d 557, 562). The plaintiff did not allege an actual violation of any specific law, rule, or regulation in his complaint or his affidavit submitted in opposition to the defendant's motion for summary judgment. He failed to submit any admissible evidence that the conditions in the laboratories were unsafe due to poor air quality, such as test results showing that during the relevant period the air quality fell below the permissible standards set forth by OSHA. The plaintiff's own uncorroborated and unsubstantiated opinion that the laboratories were unsafe amounts to no more than "a reasonable belief of a possible violation," which, without proof, will not support a cause of action to recover damages under Labor Law § 740 (*see, Bordell v General Elec. Co., supra,* at 871; *cf., Rodgers v Lenox Hill Hosp.,* 211 AD2d 248, 252-253).

In light of our determination, we need not reach the appellant's remaining contention. Ritter, J. P., Florio, Feuerstein and Crane, JJ., concur.