■ LOVELINA NADKARNI, Appellant, v NORTH SHORE-LONG ISLAND JEWISH HEALTH SYSTEM et al., Respondents. [799 NYS2d 574]—

In an action to recover damages for wrongful termination pursuant to Labor Law § 741, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (O'Connell, J.), dated March 17, 2004, as, upon granting the defendants' motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action, denied her request made in her opposing papers, in effect, pursuant to CPLR 3211 (e) for leave to replead to assert a cause of action based on Labor Law § 740.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff, an employee of the defendants North Shore-Long Island Jewish Health System and Franklin Hospital Medical Center, commenced this so-called "whistle-blower" action pursuant to Labor Law § 741 alleging that the defendants unlawfully terminated her employment. Specifically, the plaintiff alleged that the defendants retaliated against her because she complained and refused to participate in a proposed revised plan seeking to utilize hospital volunteers to assist hospital em-

ployees with the service and retrieval of patients' meal trays. The plaintiff alleged that the use of volunteers would violate, inter alia, the Health Care Financing Administration Regulations (42 CFR 483.35), requiring hospitals to provide residents with "nourishing, palatable, and well-balanced diets" and to employ sufficient support personnel to carry out the functions of the dietary service.

The defendants moved pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action. In opposition, the plaintiff requested leave to replead to assert a cause of action based on Labor Law § 740. The Supreme Court dismissed the complaint and denied the plaintiff's request, in effect, pursuant to CPLR 3211 (e) for leave to replead on the ground that the plaintiff failed to allege an actual violation of a law, rule, or regulation as required by Labor Law § 740.

Contrary to the plaintiff's contention, Labor Law § 740 requires a plaintiff to allege an actual violation of a law, rule, or regulation. An employee's good faith, reasonable belief that a violation occurred is insufficient (*see Bordell v General Elec. Co.*, 88 NY2d 869, 871 [1996]; *Khan v State Univ. of N.Y. Health Science Ctr. at Brooklyn*, 288 AD2d 350 [2001]; *Hughes v Gibson Courier Servs. Corp.*, 218 AD2d 684, 685 [1995]). In the case at bar, the revised plan was never implemented and the plaintiff's contention that utilizing volunteers could adversely affect patient health and cause a substantial and specific danger to the public health or safety was no more than speculation. Here, the plaintiff's proposed Labor Law § 740 claim was totally devoid of merit (*see Tarantini v Russo Realty Corp.*, 273 AD2d 458, 459 [2000]) and the plaintiff failed to set forth "good ground" to support this cause of action (CPLR 3211 [e]; *see Latture v Smith*, 1 AD3d 408, 409 [2003]). Whether reasonable or not, her concerns were solely her belief, and therefore, the Supreme Court providently exercised its discretion in denying her request, in effect, pursuant to CPLR 3211 (e) for leave to replead to assert a cause of action based on Labor Law § 740. S. Miller, J.P., Luciano, Crane and Lifson, JJ., concur.