■ Transaero, Inc., Appellant, v Biri Associates Corp. et al., Respondents. [834 NYS2d 293]—

In an action, inter alia, to recover damages for fraud, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Woodard, J.), dated March 2, 2006, as granted those branches of the defendants' motion which were pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time barred and to impose sanctions for frivolous conduct pursuant to 22 NYCRR 130-1.1.

Ordered that the order is affirmed insofar as appealed from, with costs; and it is further,

Ordered that on the Court's own motion, counsel for the parties to this appeal are directed to show cause why an order should or should not be made and entered imposing such sanctions, and/or costs, if any, including appellate counsel fees, against the appellant and/or the appellant's counsel, pursuant to 22 NYCRR 130-1.1 (c) as this Court may deem appropriate, by each filing an original and four copies of an affirmation or affidavit on that issue with the Clerk of this Court and serving one copy on the other party on or before May 17, 2007; and it is further,

Ordered that the Clerk of this Court, or his designee, is directed to serve counsel for the respective parties with a copy of this decision and order by regular mail.

In April 2003 the plaintiff, and, among others, its president and sole shareholder Perry Youngwall, commenced an action against their former attorney Robert Costello alleging, in relevant part, that he unlawfully and fraudulently obtained a brokerage commission on the sale of a $15 million life insurance

policy to the plaintiff in 1996. The complaint in that action, which was verified by Youngwall on April 22, 2003, alleged, inter alia, that the plaintiff and Youngwall did not know or have any reason to know that Robert Costello had earned a commission on the sale of the life insurance policy "until late 2001."

In the instant action, which was commenced in July 2005, the plaintiff alleges that the defendants Timothy Costello, Mark Costello, Clair Costello, Steven Costello, Kieran Costello, and Arda Arslanian, all members of Robert Costello's family, conspired in 1996 with Robert Costello "in a scheme to obtain unlawful broker commissions" in connection with the sale of the very same life insurance policy. The instant complaint, like the earlier one asserted against Robert Costello, was verified personally by Youngwall as president of the plaintiff.

On this record, the Supreme Court properly determined that the complaint was time-barred (*see* CPLR 213 [8]). The alleged fraud occurred in 1996, almost nine years prior to the commencement of the lawsuit. Moreover, the defendants produced sworn statements by Youngwall conclusively establishing that the plaintiff either discovered or reasonably could have discovered the alleged fraud in 2001, approximately four years before this action was commenced, and certainly had actual knowledge of the alleged fraud by April 2003, when the plaintiff commenced an action against the alleged architect of the scheme, Robert Costello. Accordingly, the Supreme Court properly dismissed the complaint as time-barred (*see Siler v Lutheran Social Servs. of Metro. N.Y.*, 10 AD3d 646 [2004]; *Cappelli v Berkshire Life Ins. Co.*, 276 AD2d 458 [2000]; *Hillman v City of New York*, 263 AD2d 529 [1999]).

The plaintiff's tortured attempt to argue that it had no reason, until 2005, "to suspect any impropriety" on the part of the defendants, and that it "relied on the integrity of its longtime attorney, Robert Costello," flies in the face of verified allegations made by Youngwall in the 2003 litigation. Accordingly, under the unusual circumstances presented, the Supreme Court providently exercised its discretion in determining that this action was frivolous and that sanctions were warranted pursuant to 22 NYCRR 130-1.1 (c). Moreover, for the same reasons, we find that this appeal is frivolous within the meaning of 22 NYCRR 130-1.1. Accordingly, we direct counsel for the parties to this appeal to each file an original and four copies of an affirmation or affidavit on the issue of why an order should or should not be made and entered imposing such sanctions and/or costs, if any, including appellate counsel fees, against the appellant and/or the appellant's counsel, as this Court may deem appropriate (*see Chu v Green Point Sav. Bank*, 216 AD2d 348 [1995]).

References in the plaintiff's brief to evidence which is dehors the record have not been considered (*see Wilson v Wilson*, 21 AD3d 548, 549 [2005]). Spolzino, J.P., Goldstein, Fisher and McCarthy, JJ., concur.