■ In the Matter of SCOTT L. FENSTERMAKER, Appellant, v EDGEMONT UNION FREE SCHOOL DISTRICT et al., Respondents. [856 NYS2d 115]—

In a proceeding, inter alia, pursuant to CPLR article 78 to review the fee collection practices of the respondents for documents produced pursuant to the Freedom of Information Law (Public Officers Law art 6), the petitioner appeals from (1) an order and judgment (one paper) of the Supreme Court, Westchester County (Loehr, J.), entered September 27, 2006, which denied the petition, dismissed the proceeding, and granted the respondents' motion to award costs, including an attorney's fee, against him, and (2) an order of the same court entered November 13, 2006, which, upon its determination that the CPLR article 78 proceeding was frivolous, and upon the submission of an affidavit of expenses, awarded costs, including an at-

torney's fee in the amount of $15,960, plus statutory costs, to the respondents.

Ordered that the order and judgment entered September 27, 2006, and the order entered November 13, 2006, are affirmed, with one bill of costs.

The petitioner challenged the Freedom of Information Law (hereinafter FOIL) fee collecting practices of the respondent Edgemont Union Free School District. The respondent school district charged the petitioner $0.25 per copy for copies made pursuant to his FOIL request. The respondents correctly assert that this fee is permitted by statute (see Public Officers Law § 87 [1] [b] [iii]). Further, the school district's decision to delay fulfillment of a subsequent FOIL request until the petitioner paid the fee owed for his first FOIL request was not arbitrary or capricious (see NY State Dept of State, Comm on Open Govt Advisory Op No. 9659).

The court providently exercised its discretion in imposing costs, including an attorney's fee, against the petitioner. "In its discretion, a court may award costs and financial sanctions against an attorney or party resulting from frivolous conduct for initiating a frivolous proceeding" (Kamen v Diaz-Kamen, 40 AD3d 937 [2007] [citation omitted]; see Transaero, Inc. v Biri Assoc. Corp., 39 AD3d 738 [2007]). The frivolous conduct in this case was the petitioner's initiation of a proceeding that was completely without merit in law and could not be supported by any reasonable argument for an extension, modification, or reversal of existing law (see 22 NYCRR 130-1.1 [c] [1]). Spolzino, J.P., Skelos, Florio and Dickerson, JJ., concur.