■ Michael Cotrone, Appellant, v Consolidated Edison Company of New York, Inc., Respondent. [856 NYS2d 48]—

Order, Supreme Court, New York County (Harold B. Beeler, J.), entered October 2, 2006, which, after a nonjury trial, rendered a verdict in defendant's favor and dismissed the complaint, unanimously affirmed, without costs.

It cannot be said that the verdict could not have been reached under any fair interpretation of the evidence (*see Claridge Gardens v Menotti*, 160 AD2d 544 [1990]). The provisions of Labor Law § 740 regarding retaliatory discharge are to be strictly construed (*see Noble v 93 Univ. Place Corp.*, 303 F Supp 2d 365, 373 [SD NY 2003]). Although leaving tanker trucks with hazardous materials unattended on a public street violated 49 CFR 397.5, this violation did not create a substantial and specific danger to the public health or safety. The claim that the violation would present such a risk was improperly based on

mere speculation (*see Nadkarni v North Shore-Long Is. Jewish Health Sys.*, 21 AD3d 354 [2005]). The statute "envisions a certain quantum of dangerous activity before its remedies are implicated" (*Peace v KRNH, Inc.*, 12 AD3d 914, 915 [2004], *lv denied* 4 NY3d 705 [2005]). Plaintiff pointed to two isolated incidents where these trucks had been left unattended for a short period of time, in the presence of other employees who concededly did not have tanker truck driver training. Aside from the fact that these incidents led to no adverse consequence, they did not rise to the level of dangerous activity. Concur—Tom, J.P., Saxe, Nardelli and Williams, JJ.