■ VIRGINIA PHYLIS BERDE, Appellant, v NORTH SHORE-LONG ISLAND JEWISH HEALTH SYSTEM, INC., Also Known as NORTH SHORE UNIVERSITY HOSPITAL AT PLAINVIEW, Respondent. [855 NYS2d 656]—

In an action, inter alia, to recover damages for unlawful termination of employment in violation of Labor Law § 740, the plaintiff appeals from an order of the Supreme Court, Nassau

County (Phelan, J.), entered June 26, 2006, which denied her motion, inter alia, for summary judgment on the issue of liability and granted the defendant's cross motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the defendant's cross motion for summary judgment dismissing the complaint and substituting therefor a provision denying the cross motion; as so modified, the order is affirmed, without costs or disbursements.

The plaintiff, a nurse manager formerly employed by the defendant, commenced this "whistleblower" action pursuant to Labor Law § 740, alleging that her employment was unlawfully terminated in retaliation for her report to a member of the administrative staff that surgical instruments were not being sterilized properly and that nurses in the operating room had been discouraged from reporting such instances. Subsequent to the termination, the State of New York Department of Health (hereinafter the DOH) conducted an investigation and determined that the defendant had not violated any applicable regulation. After extensive discovery, the parties each moved for summary judgment. The Supreme Court denied the plaintiff's motion and granted the defendant's cross motion. We modify.

Labor Law § 740 prohibits an employer from taking "any retaliatory personnel action against an employee" who discloses to a supervisor "an activity, policy or practice of the employer that is in violation of law, rule or regulation which violation creates and presents a substantial and specific danger to the public health or safety." Commonly referred to as the "whistleblower's statute" (*Mazzacone v Corlies Assoc.,* 21 AD3d 1066 [2005]), this section requires "proof of an actual violation of law to sustain a cause of action" (*Bordell v General Elec. Co.,* 88 NY2d 869, 871 [1996]; *see Nadkarni v North Shore-Long Is. Jewish Health Sys.,* 21 AD3d 354, 355 [2005]). The plaintiff's "reasonable belief of a possible violation" is not sufficient (*Bordell v General Elec. Co.,* 88 NY2d at 871; *see Khan v State Univ. of N.Y. Health Science Ctr. at Brooklyn,* 288 AD2d 350, 351 [2001]).

Here, the plaintiff failed to adduce sufficient evidence that the defendant's activities constituted a violation of law or regulation, and thus, the Supreme Court correctly denied her summary judgment motion for failure to demonstrate her prima facie entitlement to judgment as a matter of law (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]; *Mazzacone v Corlies Assoc.,* 21 AD3d at 1067). However, the defendant also failed to establish its prima facie entitlement to summary judgment dismissing the complaint with respect to this issue.

Additionally, while the defendant established, prima facie, its statutory defense that the plaintiff's termination was "predicated upon grounds other than the employee's exercise of any rights protected by [section 740]" (Labor Law § 740 [4] [c]), in opposition, the plaintiff raised a triable issue of fact. Accordingly, summary judgment in favor of the defendant on this alternative ground was not warranted.

The plaintiff's remaining contentions are either improperly raised for the first time on appeal or without merit. Rivera, J.P., Spolzino, Dillon and Balkin, JJ., concur. [*See* 12 Misc 3d 1171(A), 2006 NY Slip Op 51143(U).]