RONALD TOMO, Respondent, v EPISCOPAL HEALTH SERVICES, INC., et al., Appellants. [925 NYS2d 563]—

In an action to recover damages for retaliatory personnel ac-

tion in violation of Labor Law §§ 740 and 741, the defendants appeal from so much of an order of the Supreme Court, Nassau County (Mahon, J.), dated May 18, 2009, as denied those branches of their motion which were pursuant to CPLR 3211 (a) (7) to dismiss the cause of action alleging a violation of Labor Law § 740 and for an award of an attorney's fee and costs associated with litigating the causes of action alleging violations of Labor Law §§ 740 and 741.

Ordered that the order is modified, on the law, on the facts, and in the exercise of discretion, by (1) deleting the provision thereof denying that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the cause of action alleging a violation of Labor Law § 740, and substituting therefor a provision granting that branch of the motion, and (2) deleting the provision thereof denying that branch of the motion which was for an award of an attorney's fee and costs associated with litigating the cause of action alleging a violation of Labor Law § 741, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the defendants, and the matter is remitted to the Supreme Court, Nassau County, for calculation of the award of an attorney's fee and costs associated with litigating the cause of action alleging a violation of Labor Law § 741.

The plaintiff, the defendant hospital's chief information officer and chief security officer, complained to other members of the hospital's administration about the planned installation of an electronic whiteboard and the failure to keep secure patient records that were awaiting shredding. The electronic whiteboard ultimately was not installed. The plaintiff commenced this action asserting causes of action alleging violations of Labor Law §§ 740 and 741 against the hospital and Kirron Shares of America, Inc., a health care management and consulting firm, claiming retaliation in connection with his complaints about these practices. The defendants moved to dismiss the cause of action alleging a violation of Labor Law § 740 pursuant to CPLR 3211 (a) (7) and the cause of action alleging a violation of Labor Law § 741 pursuant to CPLR 3211 (a) (1) and (7), and for an award of an attorney's fee and costs in connection with litigating both causes of action. The Supreme Court granted that branch of the motion which was to dismiss the cause of action alleging a violation of Labor Law § 741 pursuant to CPLR 3211 (a) (7), and denied those branches of the defendants' motion which were to dismiss the cause of action alleging a violation of Labor Law § 740 and for an award of an attorney's fee and costs. We modify.

Labor Law § 740 prohibits an employer from taking "any retaliatory personnel action against an employee" who discloses to a supervisor or public body "an activity, policy or practice of the employer that is in violation of law, rule or regulation which violation creates and presents a substantial and specific danger to the public health or safety" (Labor Law § 740 [2] [a]). An employee's "good faith, reasonable belief that a violation occurred is insufficient" to satisfy the statute—instead, there must be an actual violation of a law, rule, or regulation (*Nadkarni v North Shore-Long Is. Jewish Health Sys.*, 21 AD3d 354, 355 [2005]; *see Bordell v General Elec. Co.*, 88 NY2d 869, 871 [1996]; *Berde v North Shore-Long Is. Jewish Health Sys., Inc.*, 50 AD3d 834, 835 [2008]; *Khan v State Univ. of N.Y. Health Science Ctr. at Brooklyn*, 288 AD2d 350 [2001]). Moreover, the protection afforded by Labor Law § 740 (2) "is triggered only by a violation of a law, rule or regulation that creates and presents a substantial and specific danger to the public health and safety" (*Remba v Federation Empl. & Guidance Serv.*, 76 NY2d 801, 802 [1990]; *see Pipia v Nassau County*, 34 AD3d 664, 665 [2006]; *Nadkarni v North Shore-Long Is. Jewish Health Sys.*, 21 AD3d at 355; *Khan v State Univ. of N.Y. Health Science Ctr. at Brooklyn*, 288 AD2d at 350; *Easterson v Long Is. Jewish Med. Ctr.*, 156 AD2d 636, 637 [1989]).

Here, the plaintiff alleged that he complained about two policies or practices: the planned installation of an electronic whiteboard and the failure to keep secure patient records that were awaiting shredding. However, because the whiteboard was never installed, there was no actual violation of any law, rule, or regulation arising from the installation, an element necessary to sustain a cause of action alleging a violation of Labor Law § 740 (*see Nadkarni v North Shore-Long Is. Jewish Health Sys.*, 21 AD3d at 355). Moreover, both practices about which the plaintiff complained related to the privacy of confidential information. Such allegations cannot satisfy the element of a threat to public health and safety and, thus, cannot sustain a cause of action alleging a violation of Labor Law § 740 (*see Easterson v Long Is. Jewish Med. Ctr.*, 156 AD2d at 637; *compare Remba v Federation Empl. & Guidance Serv.*, 76 NY2d at 802; *Cotrone v Consolidated Edison Co. of N.Y., Inc.*, 50 AD3d 354, 354-355 [2008]; *Pipia v Nassau County*, 34 AD3d at 666; *Peace v KRNH, Inc.*, 12 AD3d 914, 915 [2004]; *Green v Saratoga A.R.C.*, 233 AD2d 821, 822-823 [1996]). Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the cause of action alleging a violation of Labor Law § 740.

Labor Law § 740 (6) provides that a court, in its discretion,

may award an employer an attorney's fee and costs if it determines that the employee's action is "without basis in law or in fact." Here, the Court of Appeals' opinion in *Reddington v Staten Is. Univ. Hosp.* (11 NY3d 80 [2008]), which was decided approximately five months before the plaintiff filed his complaint, made clear that employees such as the plaintiff who did not "actually supply health care services" did not qualify for the enhanced protections afforded by Labor Law § 741 (*id.* at 91).

Even if the plaintiff and his counsel were unaware of *Reddington* when the complaint was filed, the plaintiff should have conceded that this cause of action was not viable in response to the defendants' motion to dismiss, which cited this binding precedent, and which clearly defeated his claim. Instead, in his opposition to the motion, the plaintiff continued to argue that he was entitled to the protection of Labor Law § 741 despite the clear import of *Reddington*. In light of this recalcitrant refusal to bow to binding precedent, the Supreme Court should have exercised its discretionary power under Labor Law § 740 (6) to award the defendants an attorney's fee and costs associated with litigating the cause of action alleging a violation of Labor Law § 741 (*compare Matter of Fenstermaker v Edgemont Union Free School Dist.*, 48 AD3d 564, 565 [2008]; *Curcio v Hogan Coring & Sawing Corp.*, 303 AD2d 357, 359 [2003]; *see also Reddington v Staten Is. Univ. Hosp.*, 543 F3d 91, 94 [2008]). In contrast, the plaintiff's argument in support of the cause of action alleging a violation of Labor Law § 740, while ultimately unpersuasive, cannot be said to be so devoid of merit or to be unsupported by "a reasonable argument for an extension, modification, or reversal of existing law" so as to warrant the imposition of fees and costs (*Dank v Sears Holding Mgt. Corp.*, 69 AD3d 557, 558 [2010]), nor can it reasonably be characterized as have been undertaken "primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another" (*id.* at 558), or as having been "commenced or continued in bad faith" (*Broich v Nabisco, Inc.*, 2 AD3d 474, 475 [2003]). Accordingly, the defendants are not entitled to an award of an attorney's fee or statutory "court costs and disbursements" (Labor Law § 740 [6]) associated with litigating the cause of action alleging a violation of Labor Law § 740 (*Dank v Sears Holding Mgt. Corp.*, 69 AD3d at 558; *Glenn v Annunziata*, 53 AD3d 565, 566 [2008]; *Broich v Nabisco, Inc.*, 2 AD3d at 475).

The defendants' remaining contention is without merit. Angiolillo, J.P., Florio, Belen and Miller, JJ., concur. **[Prior Case History: 2009 NY Slip Op 31188(U).]**