In an action, inter alia, to recover damages for unlawful termination of employment in violation of Labor Law § 740, the plaintiff appeals from an order of the Supreme Court, Nassau County (Phelan, J.), dated November 30, 2010, which granted the defendant’s motion, inter alia, to dismiss the complaint as abandoned.
Ordered that the order is reversed, on the law, with costs, the defendant’s motion is denied, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings before a different Justice.
The plaintiff commenced the instant action, inter alia, to recover damages for unlawful termination of employment pursuant to Labor Law § 740. In January 2006 the plaintiff filed a note of issue. In an order entered June 26, 2006, the Supreme Court, among other things, granted the defendant’s cross motion for summary judgment dismissing the complaint, and the case was marked “disposed.” The plaintiff appealed from that order.
In a decision and order dated April 15, 2008, this Court determined that the Supreme Court should have denied the defendant’s cross motion for summary judgment dismissing the complaint (see Berde v North Shore-Long Is. Jewish Health Sys., Inc., 50 AD3d 834 [2008]). The records of the Nassau County Clerk indicate that it received the decision and order dated April 15, 2008 on May 13, 2008. By decision and order on motion of this Court dated July 30, 2008, the defendant’s motion, inter alia, for leave to reargue the appeal was denied.
In April 2010, after making inquiries to the Clerk of the Supreme Court, Nassau County, as to the status of the case, the plaintiffs counsel personally obtained a copy of this Court’s decision and order dated April 15, 2008, and filed it in the Supreme Court, Nassau County, which restored the action to the trial calendar. On July 15, 2010, the defendant moved, inter alia, to dismiss the complaint as abandoned. In the order appealed from, the Supreme Court granted the motion on the ground that the action had been marked off or stricken from the trial calendar *933 in June 2006 when the defendant’s cross motion for summary judgment was granted, and was not restored to the trial calendar within one year (see CPLR 3404; Berde v North Shore-Long Is. Jewish Health Sys., Inc., 29 Misc 3d 1236[A], 2010 NY Slip Op 52168[U] [2010]). The plaintiff appeals, and we reverse.
Where a case is not marked off or stricken from the trial calendar, but is removed from the calendar for another reason, CPLR 3404 does not apply (see Santana v Vargas, 77 AD3d 648 [2010]; Freitas v New York City Tr. Auth., 297 AD2d 270, 271 [2002]; Hernandez v City of New York, 290 AD2d 416 [2002]). Here, CPLR 3404 is inapplicable as the action was not marked off or stricken from the trial calendar, but was simply marked “disposed” because the defendant’s cross motion for summary judgment had been granted.
The defendant’s remaining contentions either are without merit or need not be addressed in light of our determination.
Accordingly, the Supreme Court should have denied the defendant’s motion to dismiss the complaint. In light of certain statements made in the order appealed from, we remit the matter to the Supreme Court, Nassau County, for further proceedings before a different Justice. Dillon, J.P., Belen, Lott and Sgroi, JJ., concur.