■ RONALD TOMO, Appellant, v EPISCOPAL HEALTH SERVICES, INC., et al., Respondents. [977 NYS2d 255]—

In an action to recover damages for retaliatory personnel action in violation of Labor Law §§ 740 and 741, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Mahon, J.), dated April 4, 2012, which granted the defendants' motion made upon remittitur from this Court (85 AD3d 766, 767) for an award of an attorney's fee and costs associated with litigating the cause of action alleging a violation of Labor Law § 741 to the extent of awarding the defendants an attorney's fee in the principal sum of $150,000 and costs in the principal sum of $8,717.69, and (2) a money judgment of the same court dated June 4, 2012, which, upon the order, is in favor of the defendants and against him, awarding the defendants an attorney's fee in the principal sum of $150,000 and costs in the principal sum of $8,717.69.

Ordered that the appeal from the order is dismissed, as the order was superseded by the money judgment; and it is further,

Ordered that the money judgment is reversed, on the law, the order is vacated, and the matter is remitted to the Supreme Court, Nassau County, for a new determination of the defendants' motion for an award of an attorney's fee and costs in accordance herewith; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The plaintiff commenced this action against the defendants to recover damages for retaliatory personnel action in violation of Labor Law §§ 740 and 741. The defendants moved pursuant to CPLR 3211 (a) (7) to dismiss the complaint and sought an award of an attorney's fee and costs pursuant to Labor Law § 740 (6) on the basis that the plaintiff's claims were frivolous. In an order dated May 18, 2009, the Supreme Court granted that branch of the defendants' motion which was to dismiss the cause of action alleging a violation of Labor Law § 741, but denied those branches of the motion which were to dismiss the cause of action alleging a violation of Labor Law § 740 and for an award of an attorney's fee and costs pursuant to Labor Law § 740 (6).

The defendants thereafter appealed to this Court. By decision and order dated June 7, 2011, this Court, inter alia, modified the order of the Supreme Court by granting those branches of the defendants' motion which were to dismiss the cause of action alleging a violation of Labor Law § 740, and for an award of an attorney's fee and costs associated with litigating the cause of action alleging a violation of Labor Law § 741 (*see Tomo v Episcopal Health Servs., Inc.*, 85 AD3d 766, 767 [2011]). However, this Court also held that the plaintiff's assertion of a cause of action alleging a violation of Labor Law § 740, while "ultimately unpersuasive," did not support an award of an attorney's fee and costs to the defendants. Consequently, this Court remitted the matter to the Supreme Court to calculate the award of an attorney's fee and costs associated with litigating the cause of action alleging a violation of Labor Law § 741 (*see id.*).

On remittitur, the defendants moved for an award of an attorney's fee in the principal sum of $177,504 and costs in the principal sum of $8,717.69. These sums purportedly represented work associated with obtaining dismissal of the cause of action alleging a violation of Labor Law § 741, work on the defendants' appeal, and work on the motion. The Supreme Court granted the defendants' motion to the extent of awarding them an attorney's fee in the principal sum of $150,000 and costs in the principal sum of $8,717.69. The plaintiff appeals, arguing that the Supreme Court exceeded this Court's mandate by awarding the defendants an attorney's fee and costs associated with litigating the cause of action alleging a violation of Labor Law § 740.

" 'A trial court, upon remittitur, lacks the power to deviate from the mandate of the higher court' " (*Berry v Williams*, 106 AD3d 935, 937 [2013], quoting *Matter of Trager v Kampe*, 16 AD3d 426, 427 [2005]; *see Glassman v ProHealth Ambulatory Surgery Ctr., Inc.*, 96 AD3d 799, 800 [2012]). Accordingly, an order or judgment entered on remittitur " 'must conform strictly to the remittitur' " (*Glassman v ProHealth Ambulatory Surgery Ctr., Inc.*, 96 AD3d at 800, quoting *Matter of Minister, Elders & Deacons of Refm. Protestant Dutch Church of City of N.Y. v Municipal Ct. of City of N.Y., Borough of Manhattan*, 185 Misc 1003, 1007 [Sup Ct, NY County 1945]; *see Berry v Williams*, 106 AD3d at 937). Thus, although an award of an attorney's fee normally lies within the sound discretion of the Supreme Court (*see Man Choi Chiu v Chiu*, 67 AD3d 975, 976 [2009]; *Matter of Grald v Grald*, 33 AD3d 922, 923 [2006]; *De Ruzzio v De Ruzzio*, 287 AD2d 896 [2001]), in this case, the Supreme Court's

award must also be judged by its conformity to this Court's decision and order deciding the prior appeal (*see Berry v Williams*, 106 AD3d at 937; *Glassman v ProHealth Ambulatory Surgery Ctr., Inc.*, 96 AD3d at 800).

In this Court's prior decision and order, the Supreme Court was instructed to "calculat[e] . . . the award of an attorney's fee and costs associated with litigating the cause of action alleging a violation of Labor Law § 741" (*Tomo v Episcopal Health Servs., Inc.*, 85 AD3d at 767). However, a review of the record makes clear that the Supreme Court's award encompassed work performed after the May 18, 2009, dismissal of the cause of action alleging a violation of Labor Law § 741. Because all litigation after that date must perforce have related either to the cause of action alleging a violation of Labor Law § 740 or the defendants' own motion for an award of an attorney's fee and costs, the Supreme Court's award exceeded the mandate of this Court's remittitur (*see Tomo v Episcopal Health Servs., Inc.*, 85 AD3d at 767). Furthermore, although there is no per se rule against an award of a so-called "fee upon a fee" (*see 546-552 W. 146th St. LLC v Arfa*, 99 AD3d 117, 120 [2012]), we do not believe that Labor Law § 740 (6), which authorizes the award of an attorney's fee and costs to an employer where an employee's cause of action is "without basis in law or in fact," authorizes the award of a fee upon a fee (*see generally Baker v Health Mgt. Sys.*, 98 NY2d 80, 88 [2002]; *546-552 W. 146th St. LLC v Arfa*, 99 AD3d at 120-121; *Smithtown Gen. Hosp. v State Farm Mut. Auto. Ins. Co.*, 228 AD2d 576 [1996]; *Hempstead Gen. Hosp. v Allstate Ins. Co.*, 106 AD2d 429, 431 [1984], *affd* 64 NY2d 958 [1985]; *but see Posner v S. Paul Posner 1976 Irrevocable Family Trust*, 12 AD3d 177, 179 [2004]).

Accordingly, we remit the matter to the Supreme Court for a new determination of the defendants' motion for an award of an attorney's fee and costs in accordance herewith. Dillon, J.P., Sgroi, Cohen and Hinds-Radix, JJ., concur.