■ THOMAS LUKOSE, Appellant, v LONG ISLAND MEDICAL DIAGNOSTIC IMAGING, P.C., Doing Business as ZILKHA RADIOLOGY, et al., Respondents. [993 NYS2d 84]—

In an action to recover damages for unlawful termination of employment in violation of Labor Law § 740, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Spinner, J.), dated August 2, 2012, which granted the defendants' motion for summary judgment dismissing the complaint and on their counterclaim for an award of an attorney's fee pursuant to Labor Law § 740 (6).

Ordered that the order is modified, on the facts and in the exercise of discretion, by deleting the provision thereof granting that branch of the defendants' motion which was for summary judgment on their counterclaim for an award of an attorney's fee pursuant to Labor Law § 740 (6), and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

The plaintiff was employed by the defendants as a nuclear medical technologist at the defendants' radiology facility. In 2009, the defendants terminated the plaintiff's employment. The plaintiff thereafter commenced this action to recover damages for unlawful termination of employment in violation of Labor Law § 740. He alleged, inter alia, that he was discharged for complaining that he was being pressured to use the CT portion of a PET-CT scanner, despite the fact that he was not licensed to do so, and for complaining about a report, dated over a year before his employment was terminated, indicating his

possible excessive exposure to radiation in the workplace. The defendants moved for summary judgment dismissing the complaint and on their counterclaim for an award of an attorney's fee pursuant to Labor Law § 740 (6). The Supreme Court granted the defendants' motion.

Labor Law § 740 prohibits an employer from taking "any retaliatory personnel action against an employee" who discloses to a supervisor or public body "an activity, policy or practice of the employer that is in violation of law, rule or regulation which violation creates and presents a substantial and specific danger to the public health or safety" (Labor Law § 740 [2] [a]). Labor Law § 740 (4) (c) provides, however, that "[i]t shall be a defense to any action brought pursuant to this section that the personnel action was predicated upon grounds other than the employee's exercise of any rights protected by this section."

Here, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the complaint by submitting evidence demonstrating that the termination of the plaintiff's employment was predicated upon his failure to properly perform his duties, including those involving quality control of equipment, rather than his exercise of rights protected by Labor Law § 740. Moreover, the defendants also submitted evidence establishing, as a matter of law, that they did not violate Labor Law § 740 because there was no predicate violation of a law, rule, or regulation which created a substantial and specific danger to the public health or safety (*see Cotrone v Consolidated Edison Co. of N.Y., Inc.*, 50 AD3d 354, 355 [2008]; *Nadkarni v North Shore-Long Is. Jewish Health Sys.*, 21 AD3d 354 [2005]; *Khan v State Univ. of N.Y. Health Science Ctr. at Brooklyn*, 288 AD2d 350 [2001]; *Hughes v Gibson Courier Servs. Corp.*, 218 AD2d 684 [1995]).

In opposition, the plaintiff failed to raise a triable issue of fact as to whether the grounds asserted by the defendants for the termination of his employment were unsupported by the facts or a pretext (*see* Labor Law § 740 [4] [c]; *Hookman v Lenox Hill Hosp.*, 241 AD2d 333 [1997]). Furthermore, the plaintiff failed to raise a triable issue of fact as to the existence of an actual violation of a law, rule, or regulation necessary to sustain a cause of action under Labor Law § 740.

However, the Supreme Court improvidently exercised its discretion in granting that branch of the defendants' motion which was for summary judgment on their counterclaim for an award of an attorney's fee pursuant to Labor Law § 740 (6). The plaintiff's allegations, while ultimately unpersuasive, cannot reasonably be characterized as being "without basis in law

or in fact" (Labor Law § 740 [6]; *see Tomo v Episcopal Health Servs., Inc.*, 85 AD3d 766, 769 [2011]; *cf. Garner v China Natural Gas, Inc.*, 71 AD3d 825, 827 [2010]). Dickerson, J.P., Leventhal, Austin and Hinds-Radix, JJ., concur.