■ George Galbraith, Respondent-Appellant, v Westchester County Health Care Corporation, Appellant-Respondent. [33 NYS3d 348]—

In an action to recover damages for violation of Labor Law § 741, the defendant appeals, as limited by its brief, from (1) stated portions of a decision of the Supreme Court, Westchester County (Bellantoni, J.), entered January 6, 2014, made after a nonjury trial, and (2) so much of a judgment of the same court entered February 14, 2014, as, upon the decision, is in favor of the plaintiff and against it in the principal sum of $455,502.35, and the plaintiff cross-appeals from so much of the same judgment as, upon the decision, failed to direct the defendant to reinstate him to his prior position as chief perfusionist or an equivalent position.

Ordered that the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.*, 100 AD2d 509, 509-510 [1984]); and it is further,

Ordered that the judgment is affirmed, without costs or disbursements.

In 2005, the plaintiff began working for the defendant as a perfusionist. In October 2008, he was appointed as the defendant's chief perfusionist on a probationary basis, to become permanent after one year. On June 17, 2009, the defendant informed the plaintiff that the perfusionists would be responsible for operating a rapid infusion device in the operating room during liver transplant surgeries beginning on July 1, 2009. The plaintiff raised various concerns with his supervisors about implementing the policy. On October 2, 2009, the defendant terminated the plaintiff's probationary appointment as chief perfusionist and returned him to his prior position as a per diem perfusionist. After that date, the defendant gave the plaintiff no further work.

The plaintiff subsequently commenced this action to recover damages for violation of Labor Law § 741, alleging that he was demoted and denied further work in retaliation for his objections to the rapid infuser policy, which he asserted because he was concerned that it threatened the quality of patient care. He sought reinstatement to his prior position as chief perfusionist or an equivalent position, lost wages and other remuneration, and attorneys' fees and costs. During the litigation, the plaintiff specifically asserted that he reasonably believed that the rapid infuser policy violated 8 NYCRR 29.1 (b) (10). Following a nonjury trial, the Supreme Court found that the defendant had denied the plaintiff permanent appointment as chief perfusionist, as well as assignments once he reverted to the per diem position, in retaliation for his complaints in violation of Labor Law § 741. The Supreme Court awarded the plaintiff lost wages and other remuneration, plus interest, and attorneys' fees and costs, but declined to direct the defendant to reinstate him to his prior position as chief perfusionist.

"In reviewing a determination rendered after a nonjury trial, the power of this Court is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, taking into account that in a close case the trial court had the advantage of seeing the witnesses and hearing the testimony" (*Furino v O'Sullivan*, 137 AD3d 1208, 1209-1210 [2016] [internal quotation marks omitted]; *see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]). Labor Law § 741 prohibits an employer from taking retaliatory action against an employee because the employee discloses, threatens to disclose, objects to, or refuses to participate in "any activity, policy or practice of the employer

or agent that the employee, in good faith, reasonably believes constitutes improper quality of patient care" (Labor Law § 741 [2] [a], [b]). " 'Improper quality of patient care' means, with respect to patient care, any practice, procedure, action or failure to act of an employer which violates any law, rule, regulation or declaratory ruling adopted pursuant to law, where such violation relates to matter which may present a substantial and specific danger to public health or safety or a significant threat to the health of a specific patient" (Labor Law § 741 [1] [d]). It is a defense that "the personnel action was predicated upon grounds other than the employee's exercise of any rights protected by this section" (Labor Law § 741 [5]).

In light of the trial testimony and the defendant's written job descriptions concerning the plaintiff's duties, the Supreme Court properly concluded that the plaintiff was an employee protected by Labor Law § 741 (see *Reddington v Staten Is. Univ. Hosp.*, 11 NY3d 80, 90-93 [2008]).

Contrary to the defendant's contention, the Supreme Court properly found that the plaintiff, in good faith, reasonably believed that the rapid infuser assignment constituted improper quality of patient care. 8 NYCRR 29.1 (b) (10) prohibits "delegating professional responsibilities to a person when the licensee delegating such responsibilities knows or has reason to know that such person is not qualified, by training, by experience or by licensure, to perform them" (8 NYCRR 29.1 [b] [10]). The trial evidence showed that the effective date of the rapid infuser policy required the perfusionist staff to assume responsibility for operating the device (which entails, inter alia, the professional duty of administering medication) during liver transplant surgeries before they would have received sufficient training to do so without jeopardizing patient safety, and that the plaintiff raised that concern with his supervisors. The Supreme Court also properly concluded that the defendant terminated the plaintiff's probationary appointment as chief perfusionist and denied him further work in retaliation for his complaints about the alleged improper quality of patient care rather than his performance.

The defendant's remaining contentions are without merit.

Turning to the plaintiff's cross appeal, the Supreme Court did not improvidently exercise its discretion in declining to direct the defendant to reinstate the plaintiff to his prior position as chief perfusionist or an equivalent position. Although reinstatement is one of several forms of relief authorized by Labor Law § 740 (4) (d), the record supports the view that reinstatement would not have been feasible under the circum-

stances presented. Among other things, the plaintiff testified at trial that his certification as a perfusionist lapsed on January 1, 2013, and that it would take him approximately one year to regain his certification. Contrary to the plaintiff's contention, the record supports a conclusion that certification as a perfusionist is necessary to the proper performance of the duties of a chief perfusionist. Moreover, the record establishes that another individual had been appointed to the position of chief perfusionist, and it was therefore appropriate to take into account the fact that reinstatement would displace an innocent third party (see *Zakre v Norddeutsche Landesbank Girozentrale*, 541 F Supp 2d 555, 570 [SD NY 2008]). Dillon, J.P., Chambers, Barros and Brathwaite Nelson, JJ., concur.