■ Yuri Starikov, Appellant, v CEVA Freight, LLC, et al., Respondents. [61 NYS3d 311]—

Appeal from an order of the Supreme Court, Nassau County (James P. McCormack, J.), entered May 22, 2015. The order, insofar as appealed from, granted that branch of the defendants' motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (7).

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff was employed as a regulatory compliance specialist by the defendant CEVA Freight, LLC (hereinafter Freight). The plaintiff commenced this action to recover damages for violations of Labor Law §§ 740 (2) (a) and (c), and 215 (1) (a). The plaintiff alleged that he was discharged from his employment in retaliation for communications he made to supervisors concerning violations of law and regulations related to the plaintiff conducting "customs business," as defined by 19 USC § 1641 (a) (2), as a major portion of his duties for Freight, without Freight obtaining a valid custom broker's license pursuant to 19 USC § 1641 (b) and 19 CFR 111.2 (a).

The defendants moved, pre-answer, inter alia, to dismiss the complaint pursuant to CPLR 3211 (a) (7). The Supreme Court granted that branch of the defendants' motion. The plaintiff appeals.

"Labor Law § 740 creates a cause of action in favor of an employee who has suffered a 'retaliatory personnel action' as a consequence of, inter alia, 'disclos[ing], or threaten[ing] to dis-

close to a supervisor or to a public body an activity, policy or practice of the employer that is in violation of law, rule or regulation which violation creates and presents a substantial and specific danger to the public health or safety,' or as a consequence of 'object[ing] to, or refus[ing] to participate in any such activity, policy or practice in violation of a law, rule or regulation' " (*Fough v August Aichhorn Ctr. for Adolescent Residential Care, Inc.*, 139 AD3d 665, 666 [2016], quoting Labor Law § 740 [2] [a], [c]). Contrary to the plaintiff's contention, the violations complained of did not create and present a substantial and specific danger to the public health or safety (*see* Labor Law § 740 [2] [a]; *Katz v Quality Bldg. Servs.*, 81 AD3d 558, 559 [2011]; *Cotrone v Consolidated Edison Co. of N.Y., Inc.*, 50 AD3d 354, 355 [2008]; *Nadkarni v North Shore-Long Is. Jewish Health Sys.*, 21 AD3d 354, 355 [2005]; *Hughes v Gibson Courier Servs. Corp.*, 218 AD2d 684, 685 [1995]). Therefore, the Supreme Court properly granted that branch of the defendants' motion which was to dismiss the causes of action alleging violations of Labor Law § 740 (2) (a) and (c).

The Supreme Court also properly granted that branch of the defendants' motion which was to dismiss the causes of action alleging violations of Labor Law § 215 (1) (a). That statute provides, in relevant part: "No employer or his or her agent, or the officer or agent of any corporation, partnership, or limited liability company, or any other person, shall discharge, threaten, penalize, or in any other manner discriminate or retaliate against any employee (i) because such employee has made a complaint to his or her employer . . . or any other person, that the employer has engaged in conduct that the employee, reasonably and in good faith, believes violates any provision of this chapter" (*id.*). " '[T]his chapter' refers to any provision of the Labor Law" (*Kelly v Xerox Corp.*, 256 AD2d 311, 312 [1998], quoting Labor Law § 1; *see Leibowitz v Bank Leumi Trust Co. of N.Y.*, 152 AD2d 169, 174 [1989]). Here, the plaintiff alleges that Freight retaliated against him when he alerted his supervisors about violations of laws and regulations relating to obtaining a custom broker's license pursuant to 19 USC § 1641 (b) and 19 CFR 111.2 (a). He further alleges that he was retaliated against for notifying Freight that this adverse employment action violated Labor Law § 740 (2). However, this did not precipitate any additional adverse employment action. Under these circumstances, the defendants' alleged violation of Labor Law § 740 (2) cannot form the basis for a violation of Labor Law § 215 (1) (a) (*cf. Bordell v General Elec. Co.*, 208 AD2d 219, 220, 222 [1995], *affd* 88 NY2d 869 [1996]). Lev-

enthal, J.P., LaSalle, Brathwaite Nelson and Christopher, JJ., concur.

---

Motion by the respondents, inter alia, to strike the reference to the "DOJ Mem." dated September 9, 2015, on pages 18 and 19 of the appellant's brief on an appeal from an order of the Supreme Court, Nassau County, entered May 22, 2015, on the ground that it is dehors the record. By decision and order on motion of this Court dated April 5, 2016, that branch of the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is

Ordered that the branch of the motion which is to strike the reference to the "DOJ Mem." dated September 9, 2015, on pages 18 and 19 of the appellant's brief is granted, and that portion of the appellant's brief is stricken and has not been considered in the determination of the appeal.