Berde v North Shore- Long Is. Jewish Health Sys., Inc. (2018 NY Slip Op 03955)





Berde v North Shore- Long Is. Jewish Health Sys., Inc.


2018 NY Slip Op 03955


Decided on June 6, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 6, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOHN M. LEVENTHAL
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON, JJ.


2015-04165
2015-10773
 (Index No. 15320/04)

[*1]Virginia Phyllis Berde, appellant, 
v
North Shore- Long Island Jewish Health System, Inc., etc., respondent.


Annette G. Hasapidis, South Salem, NY, for appellant.
Epstein Becker & Green, P.C., New York, NY (Kenneth J. Kelly and Jennifer M. Horowitz of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for unlawful termination of employment in violation of Labor Law § 740, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (F. Dana Winslow, J.), dated March 20, 2015, and an order of the same court dated September 8, 2015. The judgment, upon a decision dated July 25, 2014, made after a nonjury trial, and upon an order dated October 21, 2014, is in favor of the defendant and against the plaintiff, in effect, dismissing the complaint and awarding the defendant attorneys' fees and costs pursuant to Labor Law § 740(6) in the sum of $591,071.70. The order dated September 8, 2015, insofar as appealed from, upon reargument, adhered to the original determination awarding the defendant attorneys' fees and costs pursuant to Labor Law § 740(6) in the sum of $591,071.70.
ORDERED that the judgment is modified, on the facts and in the exercise of discretion, by deleting the provision thereof awarding the defendant attorneys' fees and costs pursuant to Labor Law § 740(6) in the sum of $591,071.70; as so modified, the judgment is affirmed, without costs or disbursements, the order dated October 21, 2014, is modified accordingly, and the order dated September 8, 2015, is vacated; and it is further,
ORDERED that the appeal from the order dated September 8, 2015, is dismissed as academic, without costs or disbursements, in light of our determination on the appeal from the judgment.
The plaintiff commenced this action to recover damages for unlawful termination of employment in violation of Labor Law § 740. After years of discovery and motion practice, including two appeals in which this Court vindicated the plaintiff's right to proceed with this action (see Berde v North Shore-Long Is. Jewish Health Sys., Inc., 98 AD3d 932, 932-933; Berde v North Shore-Long Is. Jewish Health Sys., Inc., 50 AD3d 834, 835-836), the Supreme Court, following a nonjury trial, decided in favor of the defendant in a decision dated July 25, 2014. In an order dated October 21, 2014, the court awarded the defendant attorneys' fees and costs pursuant to Labor Law § 740(6) in the sum of $591,071.70. The court entered a judgment dated March 20, 2015, upon the decision and the order. In an order dated September 8, 2015, the court granted the plaintiff's motion [*2]for leave to reargue the award of attorneys' fees and costs, but upon reargument, adhered to its original determination. The plaintiff appeals from the judgment and the order dated September 8, 2015.
Although the decision of the trial court upon which the judgment was based did not state the essential facts (see CPLR 4213[b]), this Court has before it the complete trial record, which is sufficient to conduct an independent review of the evidence so as to make the requisite findings of fact (see Park E. Constr. Corp. v East Coast Mech. Servs., Inc., 133 AD3d 581, 582; Hugh O'Kane Elec. Co., LLC. v MasTec N. Am., Inc., 45 AD3d 413, 414; Atlantic Contr. Corp. v Hartford Acc. & Indem. Co., 155 AD2d 571, 572). " In reviewing a determination rendered after a nonjury trial, the power of this Court is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts'" (Galbraith v Westchester County Health Care Corp., 140 AD3d 696, 697, quoting Furino v O'Sullivan, 137 AD3d 1208, 1209-1210). Upon our independent review, we conclude that the determination to dismiss the complaint was warranted by the facts presented at trial (see Hookman v Lenox Hill Hosp., 241 AD2d 333, 333). In particular, the weight of the evidence established that the defendant had a nonretaliatory justification for dismissing the plaintiff, as she had numerous conflicts with other hospital staff and failed to improve in that respect despite opportunities to do so.
Labor Law § 740(6) provides that a court, in its discretion, may award an employer attorneys' fees and costs if it determines that the employee's action is " without basis in law or in fact'" (Tomo v Episcopal Health Servs., Inc., 85 AD3d 766, 768-769, quoting Labor Law § 740[6]). Here, the trial record included testimonial and documentary evidence of the plaintiff's numerous complaints about ongoing sterility problems in the operating room, which problems arguably constituted a violation of applicable regulations and posed a present, substantial, and specific danger to patient health. The plaintiff and other witnesses testified that these issues arose hundreds of times over the relevant time period and were not seriously addressed until after the plaintiff finally complained to her supervisor's supervisor. The plaintiff's annual performance evaluations demonstrate that she met or exceeded expectations throughout her tenure as a nurse manager and, despite identifying areas for improvement, did not indicate a risk of dismissal until after she complained to upper management. While ultimately unpersuasive in light of the defendant's evidence, the plaintiff's action "cannot reasonably be characterized as being without basis in law or in fact'" (Lukose v Long Is. Med. Diagnostic Imaging, P.C., 120 AD3d 1312, 1313-1314, quoting Labor Law § 740[6]). The Supreme Court therefore improvidently exercised its discretion in awarding the defendant attorneys' fees and costs pursuant to Labor Law § 740(6).
SCHEINKMAN, P.J., LEVENTHAL, MILLER and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court